JOHN SIMONS v. JOHN FAGAN.

FILED JUNE 19, 1901. No. 9,866.

Commissioner's opinion, Department No. 3.

1. **Action on Attachment Bond:** PLEA OF RES JUDICATA: DEMURRER. After the dissolution of an attachment, and after a trial of the case in which the writ was issued, in which it was found that the plaintiff had no cause of action, the defendant commenced an action against the attaching plaintiff and the surety on the bond, claiming damages in the sum of $3,400, for maliciously attaching his property. This action was removed to the circuit court of the United States, where, on a trial, apparently in the absence of the plaintiff therein, a verdict was returned for the defendants and judgment for costs against the plaintiff given. Thereafter the defendant in the attachment proceeding commenced a second action against the surety in the attachment bond to recover the penalty of said bond. In his answer the surety pleaded the former suit and judgment as a bar to the second action. *Held.* That a demurrer to said plea was properly sustained.

2. ——: ELECTION OF REMEDIES. In the same case the surety pleaded the commencement of the first action by the plaintiff as an election of remedies on his part, and a bar to the second action because of such election. *Held,* That the suit for malicious attachment and the action on the bond were not inconsistent remedies, and that the doctrine of election did not apply.

3. Instruction: REVIEW. Where the court instructs the jury to return a verdict in favor of one party to an action, without submitting to their determination any issue in the case, this court will not review the ruling of the trial court on the admission of evidence in the progress of the trial.

ERROR from the district court for Boone county. Tried below before KENDALL, J. *Affirmed.*

*McCabe, McGilton & Rath,* for plaintiff in error.

*Thomas J. Doyle, contra.*

DUFFIE, C.

The defendants in error commenced this action in the district court for Boone county, Nebraska, to recover from John Simons, the plaintiff in error, the penalty named in an attachment bond signed by said Simons, in an action commenced in justice court by Aultman, Miller & Co. against John Fagan and Thomas Fagan. The petition alleges the making of the bond sued on, the issuing of an attachment and the levy thereon by garnishment of certain property of the defendant in error. It further shows that the attachment was dissolved in justice court, and that the order of dissolution was affirmed upon error taken by Aultman, Miller & Co. to the district court. Other allegations of the petition relate to the matter of damages sustained and need not be further noticed. The answer admits the giving of the bond, the issuing of an attachment in favor of Aultman, Miller & Co., and that certain notes of the value of $540, and money to the amount of $65, was garnished in the hands of one Squairs. The answer further alleges that after the termination of the suit of *Aultman, Miller & Co. v. John Fagan,* he elected to redress all griev-

ances which he had suffered arising out of said suit by instituting an action against the defendants for a malicious attachment. For a further answer and defense the defendant alleges that on February 17, 1893, the plaintiff commenced an action in the district court of Boone county against Aultman, Miller & Co. and John Simons, a copy of the petition in said case being attached to the answer as an exhibit, and from which it appears that the action was an action for the malicious attachment of the property of the plaintiffs therein by Aultman, Miller & Co. and John Simons. It is further alleged that said case was, upon the application of the defendants Aultman, Miller & Co., removed to the United States circuit court for the district of Nebraska, and that such proceedings were had in said case after the removal that a verdict was returned for the defendants therein, upon which judgment was entered in their favor, and this judgment, it is claimed, is a bar to the present action. To that part of the answer setting up a former adjudication by the judgment of the federal court and an election of remedies on the part of plaintiffs below by bringing said action a demurrer was interposed, which was sustained by the district court, and this is one of the errors complained of upon this appeal. At the conclusion of the trial the court directed the jury to return a verdict in favor of the plaintiffs below for the sum of $555, and upon this verdict judgment was entered. Did the court err in sustaining a demurrer to that part of the answer setting out the proceeding in federal court as a bar to the present action? The determination of this question necessarily involves the inquiry whether the two causes of action are the same.

It has been uniformly held in this country that an attachment plaintiff may be subject to damages for attaching the defendant's property maliciously and without probable cause. The defendant's remedy in this respect is not at all interfered with by the plaintiffs having given a bond at the institution of the suit, conditioned to pay all damages which the defendant might sustain by reason of the attach-

ment having been wrongfully obtained. In the absence of
a statute conferring the right, the defendant can not main-
tain an action against the plaintiff for the mere wrongful
suing out of an attachment. Such an action may be main-
tained on the attachment bond, but on common law prin-
ciples the element of malice is indispensable to an action
on the case. Drake, Attachment, sec. 726. Bearing in mind
the distinction made between a suit on the bond where a
recovery may be had on a showing that the writ was wrong-
fully obtained, and an action on the case where malice on
the part of the plaintiff in suing out the writ must be
shown, we proceed to examine the record of the case tried
in the federal court to determine whether it was a suit on
the bond or an action on the case for a malicious attach-
ment of the plaintiff's property. The petition in that case
alleges the commencement of an action by Aultman, Miller
& Co. in justice court against John Fagan and Thomas
Fagan to recover an indebtedness of $199.75; that an affi-
davit for an attachment was made, an attachment bond
given and approved and a writ duly issued, and such pro-
ceedings had thereunder that one Squair, holding notes be-
longing to John Fagan of the value of $540, and money to
the amount of $65, was garnished; that thereafter, on mo-
tion made, the attachment was dissolved and adjudged to
be wrongfully issued; that error was taken from said or-
der of dissolution to the district court, where, on proceed-
ings duly had, the order of the justice court was affirmed;
that thereafter, and without giving any new bonds, Ault-
man, Miller & Co. obtained a second writ of attachment
from the clerk of the district court and again garnished
the same property, and that this second order was on
motion dissolved by the district court of Boone county;
that afterward, upon the trial of the case pending before
the justice, it was adjudged that the plaintiff had no
cause of action, and judgment duly entered for the defend-
ants in said cause; that said defendants Aultman, Miller
& Co. and the defendant John Simons, wrongfully and
maliciously and without cause, and for the purpose of in-

juring the defendant financially and to bankrupt defendant, caused said attachment to issue. Other allegations of the petition relating to matters of damage suffered on account of the attachment proceedings need not be noticed further than to state that the damages claimed are proper in an action for maliciously suing out the attachment, but not such damages as could be allowed in a suit upon an attachment bond. The petition, taken as a whole, shows very clearly that it was not an action upon the bond, but an action upon the case in the nature of an action for malicious prosecution. It is true that Simons was made a party defendant in that action, and it is also true that while damages were sought in the sum of $3,000 against Aultman, Miller & Co., judgment in the sum of $400 only was asked against Simons. But it is to be observed that the bond was not declared upon. No breach of the bond was alleged, and there is nothing in the petition to indicate that the defendants in that suit, or either of them, were sought to be held upon contract, but all of the allegations are to the effect that the defendants were liable for a tort committed. It is well established that in order to make the former action a bar the circumstances must be such that the plaintiff might recover in the first action for the same cause of action alleged in the second. It is not enough that the transaction involved in, and giving rise to, the two actions are the same. *Stowell v. Chamberlain,* 60 N. Y., 272. In the case cited, the plaintiff brought an action against the defendant for the wrongful conversion of bonds which he alleged he had loaned to him. Judgment was rendered in favor of the defendant, when another action to recover the value of the bonds was brought, the allegations of the petition being that the defendant sold the bonds as plaintiff's agent but had failed to account for the proceeds. The former judgment was pleaded as a bar to the action. The court held that the same evidence would not sustain both actions and that the former was not a bar. The case was approved by this court in *Gayer v. Parker,* 24 Nebr.. 643.

In the case determined in the federal court the plaintiff could not recover, except by showing that the writ was maliciously sued out by the defendants. Proof that it was wrongfully obtained would not in the least aid in his recovery of damages or tend to prove the case made by his petition. In the present case the action is on contract. The defendant, by his bond, has agreed to be answerable for all damages sustained by the plaintiff in case the writ was wrongfully obtained. The proof here need not go beyond showing that the writ was wrongfully sued out. Such proof shows a breach of the bond and makes the defendant liable for such damages as are properly allowed for wrongfully obtaining an attachment.

*Churchill v. Abraham*, 22 Ill., 455, is the only case cited or which we have been able to find resembling the one at bar. In that case the property of Abraham had been attached by Huntington, Wadsworth and Parks, and after the termination of the suit, which went in favor of Abraham, he commenced a suit against Huntington, Wadsworth and Parks for a malicious attachment of his property, claiming damages in the sum of $5,000. On the trial of that action judgment went in favor of the defendants, who recovered judgment against Abraham for costs. Afterward Abraham commenced another action on the attachment bond against Churchill, Huntington, Wadsworth and Parks, to recover his damages sustained because of the wrongful obtaining of the writ. The former action and the judgment entered therein in favor of the defendants was pleaded as a defense. At the trial the record in the first suit was offered in evidence, but the court refused to admit it, and this ruling was approved by the supreme court. We infer from the opinion that the record in the first case was offered upon the theory that the plaintiff could not maintain an action on the attachment bond until his damages had been ascertained and fixed by an independent action brought for that purpose; but it is significant that the case as reported fails to show that the court or the attorneys engaged in the case regarded the former

judgment as a bar to the suit on the bond in the sense that the question of liability thereon had been adjudicated and set at rest between the parties by the judgment entered in the first action. On principle, we are of opinion that the action determined in the United States circuit court is not a bar to the present suit. By the issue there made no recovery could be had in the absence of a showing that the defendants acted maliciously in obtaining the attachment against his property. The proof which he offered, or might have offered in that case had he appeared to prosecute it, might have been ample to entitle him to a recovery in a suit on the bond, and yet availed him nothing, where his cause of action was based wholly on the malicious acts of the defendants. The issues in the two suits are radically different. In the first the issue was, did the defendants act maliciously and without probable cause in obtaining the writ; in the present case the sole issue is, did the defendants wrongfully obtain the writ? In the first action no damage could be recovered in the absence of a showing that the defendants were moved by malice; in the case at bar the good faith of the defendant is of no moment,—he contracted to pay the defendant his damages if the writ was wrongfully obtained, and a showing that it was wrongfully obtained entitles the plaintiff to a verdict.

The supreme court of Illinois in a later case, *Lawrence v. Hagerman*, 56 Ill., 68, expressed the opinion that the remedies of an attachment defendant by action on the bond and by an action on the case for a malicious attachment were in part concurrent remedies. In the body of the opinion it is stated: "It is insisted that an action on the case for maliciously suing out a writ of attachment cannot be maintained. The objection proceeds on the ground that inasmuch as the statute requires the plaintiff in attachment to give bond, with security, conditioned to pay all damages in case the writ is wrongfully issued before obtaining the process, the remedy is confined to an action on the bond. We think the objection taken is not tenable, certainly not to the extent insisted upon by the

counsel. The remedies by an action on the case and upon the bond may be concurrent to a certain extent. Actual damages such as direct loss on the property attached, expenses incurred in defense of the suit, may be recovered in an action on the bond. But for loss of credit, breaking up of business, loss of customers and injury to reputation, resort must be had, to obtain full indemnity, to an action on the case for malicious prosecution under the common law."

We are inclined to believe that the above language expresses the true situation, and that an attachment defendant who has been injured in consequence of the malicious attachment of his property may at the same time maintain an action upon the bond for his actual damages and an action on the case for damages consequential in their nature. It is true that a recovery in the action brought for a malicious prosecution would include the actual as well as the consequential damages, but if a recovery was first had upon the bond, the amount of such recovery would undoubtedly go in mitigation of damages on the trial of the case for malicious prosecution. The least reflection must make it evident that the consequential damages suffered by a defendant whose property has been maliciously attached, can not be allowed him in an action on the bond. They are damages, however, which the law will allow in a proper action brought for their recovery, and this demonstrates beyond controversy that there are two causes of action—one upon the bond in which the actual pecuniary injury may be recovered, the other for a malicious prosecution in which consequential damages and injury is proper to be taken into consideration; one requiring the proof of malice to maintain, the other evidence of a mere wrongful obtaining of the attachment. We think there was no error in the ruling of the district court in sustaining the demurrer to that part of the answer alleging a former adjudication. Relating to the plea of the defendant of an election of remedies, and which was also held bad on demurrer, it is familiar law that to conclude one by an election of reme-

dies the remedies must be inconsistent. As regards what are known as "consistent remedies," the plaintiff may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose; but his choice is not compulsory or final, and if not satisfied with the result of that, he may commence and carry through the prosecution of another. *New York Land Co. v. Chapman,* 118 N. Y., 288; 7 Ency. Pl. & Pr., 362.

It is unnecessary to examine the exception taken to the admission of evidence, for the reason that the court left nothing for the jury to pass upon. We think that where the court gives a peremptory instruction to find for one or the other of the parties, the same rule relating to the admission of evidence should govern on appeal to this court as though the trial had been to the court without a jury.

The objection that incompetent or immaterial evidence was admitted avails nothing on appeal when the trial is to the court, as the presumption obtains that such evidence was not considered by the court. Why should a different rule apply when the court refuses to allow the jury to consider the evidence and, in effect, tries the case himself by directing a verdict?

The judgment is not excessive. The conditions of the bond were broken on the same day it was made, interest on the penalty named in the bond to the date of the trial makes a larger sum than the judgment entered. We recommend that the judgment be affirmed.

ALBERT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.