[No. 6799.   Decided January 25, 1908.]

B. A. GAULT, *Respondent*, v. G. R. BRADSHAW, *Appellant*.[1]

APEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.   Errors on rulings on admitting evidence are immaterial where the verdict was entered by direction of the court.

BROKERS—CONTRACT FOR COMMISSION—ASSENT.   Where an owner listed his property with a broker and the broker stated that he would charge a commission of five per cent for effecting a sale, the owner cannot, after concluding a sale made by the agent, claim that he did not agree to the payment of the commission from the fact that he remained silent upon being told that such charge would be made.

Appeal from a judgment of the superior court for Kittitas county, Rigg, J., entered October 20, 1906, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action to recover a broker's commission.   Affirmed.

*O. O. Felkner*, for appellant.

*Hovey & Hale*, for respondent.

FULLERTON, J. — The respondent brought this action against the appellant to recover the sum of $1,250 claimed to be due as a commission for the sale of certain real and personal property, made on September 10, 1904.   After issue had been joined a trial was entered upon before the court and a jury, at the conclusion of which the court, on the respondent's motion, directed a verdict in his favor on the ground that there was no substantial dispute on any material question of fact, and that the facts warranted a recovery on the part of the respondent.   From the judgment entered on the directed verdict, this appeal is taken.

[1]Reported in 93 Pac. 534.

The appellant assigns errors on the ruling of the court made while passing upon the admissibility of evidence, but since no evidence was excluded which would throw light on the main issue, the questions become immaterial in view of the action of the court in instructing a verdict; this on the principle, so often stated by us, that on trials had before the court without a jury the erroneous admission of evidence is not ground in itself for a reversal of the judgment.

On the principal question, whether or not there was a substantial dispute in the evidence, we think the court committed no error. It is undisputed that the appellant listed his property for sale with the respondent, who was a real estate broker, at a fixed price, and that the respondent told the appellant that he would charge him a five per cent commission if he found a purchaser who would take the property at the price named. It is undisputed also that the respondent did find such a purchaser, that he sent the purchaser to the appellant, and that the appellant sold the property to the purchaser at the price he had named to the respondent. The appellant sought to escape liability by contending that he did not agree to pay the commission asked by the respondent; that although he made no reply when the respondent told him he would charge a commission, he did not thereby intend to consent to agree to pay any commission. But to make a contract the assent to this part of the agreement did not have to be expressed. By listing the property with the respondent for sale, learning the respondent's terms, and afterwards accepting the fruits of the respondent's exertion, an implied promise to pay the charge arose, and the appellant cannot now escape liability by saying that he did not intend to make such an agreement. He should have made known his reservation at the time the statement was made to him; it is too late to make it known for the first time after the respondent had performed on his part and he had received the benefits of such performance.

But without examining the evidence further we think it justified the conclusion of the trial court. The judgment will therefore stand affirmed.

RUDKIN, MOUNT, DUNBAR, and ROOT, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.