## ENGLISH et al. v. GAMBLE.

Circuit Court of Appeals, Eighth Circuit.
April 27, 1928.

No. 7827.

1. **Appeal and error** ⊜⇒1054(1)—**Admission of immaterial evidence in trial to court without jury held not reversible error.**

In trial to court without jury, admission of immaterial evidence cannot be said to be prejudicial, as it may be disregarded in assembling and considering competent evidence.

2. **Appeal and error** ⊜⇒1010(1)—**Judgment on question of fact in case tried without jury will not be disturbed if sustained by any substantial evidence.**

When case is tried to court, a jury being waived, if there is any substantial evidence to sustain judgment upon question of fact, such judgment will not be disturbed on appeal.

3. **Banks and banking** ⊜⇒248(1)—**Directors who deposited money in escrow to purchase stock of nonresponding stockholders held liable for subsequent assessment.**

Where money was deposited by directors of bank in escrow to satisfy deficiency resulting from stock held by stockholders failing to respond to assessments, and nonresponding stock was purchased with such funds by cashier as trustee with knowledge and consent of directors, *held* that directors thereby became joint owners, jointly and severally liable for subsequent statutory assessment upon such stock.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by Joseph A. Gamble, as receiver of the First National Bank of Devol, against F. M. English and others. Judgment for

plaintiff, and defendants bring error. Affirmed.

W. C. Stevens and J. H. Cline, both of Lawton, Okl., for plaintiffs in error.

Dudley B. Madden and Walter Hubbell, both of Walters, Okl., for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. The receiver of the First National Bank of Devol, as plaintiff in the court below, for whom Gamble, a subsequent receiver, was later substituted, brought this action against the plaintiffs in error, there defendants, to recover the statutory assessment upon stock alleged to have been owned by them in said bank at the time it became defunct. The defendants first demurred, and, upon such demurrers being overruled, filed their separate answers, which in turn were followed by replies, and upon the issues thus joined the cause was tried to the court without the intervention of a jury upon written stipulation of the parties.

In brief, the following situation was disclosed by the evidence: Some time in 1924, owing to the bank being in a depressed condition as to its finances, an assessment amounting to $25,000 was made among its stockholders to which a certain portion of such stockholders did not respond; such uncollected assessments amounting to $9,400. Upon demand of the office of the Comptroller of the Currency through the regular channels it was required of the officials of the bank that this sum should be placed in the bank or the institution would not be allowed to open its doors. The defendants, stockholders and also directors of the bank, raised this sum among themselves and deposited it in the bank in escrow in order to satisfy the requirements of the National Banking Department. An attempt was then made by the bank to close out the stock which was in default on account of the unpaid assessments, and upon the first attempt no sale resulted. Appeal for advice was then made to the Comptroller, who advised the cashier of the bank by letter, in substance, that the defaulted stock must be sold out, and suggested that said stock be noticed for sale by advertisements in a local paper for 30 days, and, in the event no other bids were received, the amount held in escrow in the bank which was put up by the directors to cover the unpaid delinquency in the assessment might be applied to the purchase of such stock, a trustee appointed to represent the purchasers, the stock reissued upon the books in the name of such trustee, the old stock thereupon canceled and notice given to the old shareholders of such cancellation. After consulting with the directors, defendants here, this plan of procedure was agreed upon and followed. The sale was conducted upon published notice at which, no other bidders being present, the stock was bid in by the cashier for the stockholders who had previously advanced the money and the stock reissued in the name of the cashier as trustee. The correspondence shows that this plan was merely a suggestion on the part of the Comptroller and in no way obligatory upon the directors. Some months later the bank failed. It was taken in charge by the Comptroller, and a receiver appointed, who thereupon proceeded to liquidate it. A demand was made upon the defendants as owners of the $9,400 worth of par value stock acquired in the manner hereinbefore outlined for the statutory assessment of 100 per cent. par value, which demand was refused, and this suit instituted for its collection.

Three points only are raised which seem to require the attention of this court; the cause having been submitted upon briefs without oral argument:

First, error of the trial court is alleged in the overruling of the separate demurrers. Without outlining in detail the averments of the petition, we are of the opinion that the petition is amply sufficient to present the issues upon which the plaintiff claimed the right of recovery.

[1] Second, as to the evidence of the witness Donahue concerning the purported action of the defendant English in selling out his stock before the bank closed, it may be said that this evidence was immaterial. Yet in a trial to the court without a jury it cannot be said to be prejudicial, and it may be disregarded in assembling and considering the competent evidence which goes to sustain the allegations of the petition. There was therefore no reversible error on the part of the court in admitting this testimony.

[2, 3] Third, the judgment of the trial court is assailed upon the ground that the evidence is insufficient to sustain said judgment, which point is presented under several different assignments of error. Under the well-recognized rule that, when a case is tried to the court, a jury being waived, if there is any substantial evidence to sustain a judgment upon the questions of fact, that judgment will not be disturbed, we come to the conclusion that the evidence is not only sufficient, but preponderates strongly in favor of the receiver. The proper solution of the contro-

versy revolves around the question as to whether or not the defendants were the owners of the stock at the time the bank became insolvent and upon which stock the assessment levy was thereafter made by the Comptroller. The testimony of the witness Steele, who was the cashier of the bank at the time the transactions relied upon took place, is sufficient in itself to sustain the conclusions and judgment of the trial court. Steele testified in regard to the money being put up by the defendants in escrow in the funds of the bank to satisfy the deficiency resulting from the 94 shares of stock held by the nonresponding stockholders, that this stock under the suggestion of the Comptroller and with the consent of the defendants was sold at public auction, bid in by the witness as trustee for them, and charged against the escrow account which had been deposited by them in the bank. This witness was disinterested and had no financial interest in the affair at any time. These transactions were fully explained to the defendants, and a certificate of stock in the name of Steele as trustee for this purpose was issued over the signature of the bank president. Shorn of all technicalities, clearly this made the defendants the joint owners of this particular stock which was still held by them in the name of the trustee at the time the bank closed its doors. As such joint owners they became jointly and severally liable for the subsequent assessment. The transaction was one of purchase and sale, wherein the money of the defendants was paid for the stock, and they thereby became the owners. Under these circumstances the facts in no way seem to justify the conclusion, as contended for by defendants, that the purchase was made on behalf of the bank itself, as it was their money and not that of the bank which went to consummate the purchase.

Finding no errors in the record justifying the reversal, the judgment of the trial court will be affirmed.