JEANETTE JAMES, Appellee, v. SCHOOL TOWNSHIP OF TROY, Appellant.

No. 40081.

1060

March 11, 1930.

Rehearing Denied September 26, 1930.

*James P. Gaffney,* for appellant.

*Wallace & Claypool,* for appellee.

Grimm, J.—In June, 1928, the plaintiff filed in the district court of Iowa County, Iowa, a petition seeking to recover a sum of $640, together with interest, as the amount alleged to be due upon a certain contract entered into between the plaintiff and the defendant school board on the 20th day of August, 1927. By the terms of said contract, copy of which is attached to the petition, the school township agreed to employ, and the plaintiff agreed to teach, for a term of 32 weeks, commencing on the 5th

day of September, 1927, in Subdistrict No. 6 of the defendant township. The contract is on the standard form.

The defendant originally answered, admitting that it was indebted to the plaintiff in the sum of $80, with interest thereon at 6 per cent from and after the 1st day of June, 1928, and costs of the action. This admission was subsequently withdrawn. The answer also alleged that the plaintiff had failed and refused to carry out the terms and conditions of the written contract. It is also alleged that the plaintiff failed to exercise reasonable diligence to obtain employment as a teacher as it became apparent that her services would not be needed in the said subdistrict.

By an amended and substituted answer, the defendant alleges that the plaintiff failed and refused to carry out the terms and conditions of the written contract, and that:

"Said plaintiff was instructed and ordered by defendant to continue the teaching of said school and performance of said contract until she was further notified to the contrary, and that the said plaintiff refused and failed to teach said school and carry out the terms of said contract as requested by said defendant."

In another division the defendant alleges that the plaintiff failed to teach the school of said defendant, and failed to exercise reasonable diligence to obtain employment as a teacher in the same locality, and thus failed to exercise reasonable diligence to reduce the damages.

Various motions were made to the pleadings, a portion of which were sustained; but, upon our view of the cause, a consideration of the same is unnecessary. There is no controversy about the execution of the contract. It appears that, during the first week, five pupils attended the school, three of whom were the children of one James Lillis. At the end of the first week, the three Lillis children quit, and began attending a parochial school in Williamsburg, near by. During the second week, there were but two children, little girls, attending this school. It then appears that the subdirector, one Heitshusen, at the residence of the plaintiff, advised the plaintiff that it would not be necessary for her to come back to the school until notified by him, or words to that effect. This advice, it appears, was given because the

subdirector had learned that even these two children would not attend school at the beginning of the third week. The plaintiff acquiesced in the instruction given her by the subdirector, at the suggestion of the subdirector, surrendering the key to the schoolhouse to the subdirector, and waited for further instruction, holding herself in readiness to go back to the schoolhouse to continue teaching whenever called upon so to do.

On November 2, 1927, the school board of the School Township of Troy, defendant, held a meeting, at which time the plaintiff was present, and she was then and there instructed to go back and teach the school. However, there is no evidence that any pupils arrived at the school, and it clearly appears that the subdirector gave the plaintiff no instructions to appear and teach. The plaintiff testifies that, after this meeting of the school board on November 2, 1927, the subdirector had a conversation with the plaintiff, in which ''he told me there would be no children there to teach, and that it would not be necessary for me to go back unless he notified me to come back.'' The school was not open during the balance of the school year.

The court directed a verdict for the plaintiff in the sum of $640, the contract price, together with interest at 6 per cent from June 1, 1928.

I. One of the principal contentions of the appellant is that the court erred in sustaining plaintiff's motion to strike from defendant's pleadings the portion thereof which pleaded that  the plaintiff should have sought other employment in the mitigation of damages. Section 4229, Code of 1927, provides, among other things, that no contract entered into by a board of school directors with a teacher who is then under contract with another board of school directors to teach in the state of Iowa covering the same period of time, shall be of any validity until such former contract shall have been released and canceled. Manifestly, the plaintiff could not have contracted for another school, under the conditions which obtained, from the time of the signing of the contract in question until the expiration of the school year. She could not have entered into any binding contract with any other district. She could not have signed a standard form of contract and truthfully stated that she was not under contract to teach

with another board of school directors. For that reason, if for no other, there was no error committed in striking that portion of the defendant's answer.

II. It is strenuously contended by the defendant that the subdirector had no power or authority to release the plaintiff from daily attendance upon the school. It is not claimed that,  at any time after the second week, any pupils appeared at the school, nor is there any proof that, if the teacher had been there every day, any pupils would have appeared. In the meantime, it conclusively appears that the plaintiff stood ready and willing to perform her part of the contract by appearing at the school and satisfying the terms of the written agreement. The record shows the board of directors of the township of which District No. 6 was a subdivision knew and understood that no pupils would appear at the schoolhouse. They also knew that the plaintiff had been told she need not appear at the schoolhouse until notified. At the meeting on November 2, 1927, when the entire matter was discussed, at which meeting plaintiff was present, plaintiff was directed to continue teaching the school, or words to that effect. The only fair interpretation which can be placed on this entire transaction is that the plaintiff had been directed to hold herself in readiness to comply with the terms of the contract if and when it appeared that any pupils either arrived at the school or were willing to come, provided the school would be open. To require the teacher to come to the schoolhouse day by day, and stay there in her solitude, without any pupils, and without any expectation of any pupils, would be to require the plaintiff to do a vain and inconsequential thing, in light of all the facts as shown in this case.

The record shows that the subdirector had carefully canvassed the whole situation in the entire subdistrict. He undertook to keep close track of the entire situation, and to notify the plaintiff if and when any pupils would be available at the school. There is evidence in the record from which it can fairly be inferred that this conduct on his part was with the knowledge and acquiescence of the board of directors.

III. The defendant complains because, it is claimed, the plaintiff failed to show the performance of the so-called condi-

1064

tions precedent to her recovery, in that (a) she failed to show  she had filed her teacher's contract with the director of the school corporation; (b) she failed to show that she had made or delivered the report or reports required by her contract; and (c) she failed to exercise due diligence in the preservation of the schoolhouse, the furniture, and property under her control, in accordance with the terms of her contract.

A sufficient answer to this complaint is that no such claim is raised in the amended and substituted answer of the defendant or the amendment thereto.

IV. On December 3, 1928, the defendant filed with the clerk of the district court a paper in the cause, which contains, among other things, the following:

"Comes now the defendant in the above and foregoing entitled cause of action, and tenders into the office of the clerk of the district court of Iowa County, Iowa, for the sole use and  benefit of plaintiff in the above and foregoing entitled cause, the sum of $41.40, and the sum of $8.25 as costs, same being tendered as a full, final, and complete settlement of any or all sums due plaintiff, and the costs therein to the time of the filing of this tender."

This document was not attached to the pleadings, under the custom obtaining in that county, but it was deposited with the clerk, and marked by him as filed. There was neither acceptance nor rejection of the proposition therein contained.

At the time the offer was made, the court reserved its ruling, but afterwards admitted it in evidence. We do not decide whether the document should or should not have been admitted in evidence. Suffice it to say that, inasmuch as the court directed a verdict for the plaintiff, no prejudice is shown. If the document was not admissible, the court is presumed not to have considered it.

Various other questions are raised by the defendant, but what has hereinbefore been said sufficiently disposes of all such

questions. We find no reversible error in the record, and the judgment, therefore, must be, and is,—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.