### HARRIS v. CROSSETT LUMBER CO..
### No. 172.

District Court, W. D. Arkansas, El Dorado Division.

Nov. 29, 1943.

J. R. Wilson, of El Dorado, Ark., for plaintiff.

Mahony & Yocum, of El Dorado, Ark., for defendant.

MILLER, District Judge.

This cause was tried before the court without a jury on October 21, 22, 1943, upon ore tenus testimony. Counsel for the respective parties filed a statement of their contentions and citations of authorities which the court has carefully considered, along with all of the testimony adduced and exhibits thereto. The law governing this case is so well settled that the court does not believe it could add anything to the literature already existing and therefore is not submitting a memorandum opinion other than the findings of fact and conclusions of law.

### Findings of Fact.

1. The plaintiff, Ray Harris, was employed by the defendant, Crossett Lumber Company, a corporation, from October 24, 1938, and prior thereto, to October 3, 1942, as a pumper or tender of five water wells, each of which was equipped with an electric pump. The wells are located about a mile east of the city of Crossett and in making a round trip in oiling or inspecting the wells the plaintiff would travel approximately one and one-tenth miles.

2. This suit was filed March 20, 1943, by the plaintiff, seeking to recover overtime compensation under Sections 7 and 16 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207, 216. Defendant, among other defenses, pleaded the Arkansas Statute of Limitations of three years, Pope's Dig. § 8928, as a bar to the complaint of the plaintiff.

3. The plaintiff was employed to operate the wells and to keep them in operation for a period of 24 hours per day and to give whatever time was required therefor. No definite hours of employment were considered in fixing the monthly salary. The plaintiff was not required to make and did not make any repairs to the machinery or property of the defendant, but was required to advise the master mechanic or some other person of any breakdown in the machinery under his control and supervision. The plaintiff lived with his family on the property near the wells. His residence was equipped with a telephone and electric lights and he was required by the defendant company to be on the property at all times or to have someone present that could be notified if the company desired any of the wells to be cut off or put on, if they had previously been cut off for any reason. The plaintiff was subject to call during his employment any time, day or night, and often received calls during the night time which required his attention to one or more wells.

4. The water produced by the wells under the supervision of the plaintiff was pumped into a reservoir from which it was conveyed to the defendant, Crossett Lumber Company, and to the other industries operated in connection with the lumber mills, and the furnishing of an adequate and uniform supply of water was essential and necessary to the operation of the business of the defendant.

From 70 to 90 per cent of the manufactured products of the defendant moved in interstate commerce.

5. The plaintiff, in the operation of the wells and in furnishing water therefrom to the defendant, was engaged in commerce or in the production of goods for commerce and the use of the water so furnished was essential to the defendant in the business of producing goods for commerce.

858

6. Not in excess of 40 hours per week was required by the plaintiff in which to perform the actual physical work of oiling and inspecting the machinery of the wells and in keeping the premises, such as the wellhouse and machinery clean, but plaintiff was required to be available and to perform work at irregular times. Many calls that were received by plaintiff during the night time during the period beginning March 20, 1940, and extending to October 3, 1942, when plaintiff left the employ of the defendant, were from those in charge of the operation of the mills of the defendant and required the plaintiff to either cut out one or more wells or to start the pumps on such wells as might not at that particular time be pumping. This was necessary in order to maintain a uniform and adequate supply of water at all times. The amount of water required depended largely upon the extent of the operations of the defendant and the allied industries, but the plaintiff was required to keep all five of the wells either operating on a 24-hour basis or to be available for that purpose.

7. A reasonable computation of the working hours of the plaintiff per week during the time from May 20, 1940, to October 3, 1942, is 84 hours. It appears reasonable to the court that 12 hours of every 24 was available to the plaintiff for uninterrupted sleep, the conduct of his own personal affairs and the ordinary normal routine of living and, therefore, the court finds that the plaintiff did not work 24 hours per day as contended by him, but that he did work 12 hours per day, or 84 hours per week.

8. From March 20, 1940, to July 19, 1940, a period of 18 weeks, the plaintiff received a weekly wage of $26.18. That sum divided by 84 hours establishes the regular rate of pay of plaintiff for said period as 31.16 cents per hour. The amount of overtime worked by plaintiff during that time was 42 hours each week for 18 weeks.

9. For the period from July 19, 1940, to October 24, 1940, a period of 14 weeks, the plaintiff's weekly wage was $27.02, and that sum divided by the hours worked each week establishes the regular rate of pay received by plaintiff during said period as 32.16 cents per hour. During this period the plaintiff worked 42 hours overtime each week for 14 weeks.

10. During the period from October 24, 1940, to October 5, 1941, a period of 49 weeks, the weekly wage of plaintiff was $27.02, and that sum divided by the hours worked per week establishes the regular rate of pay received by plaintiff during said period as 32.16 cents per hour. The overtime worked by plaintiff during said period was 44 hours each week for 49 weeks.

11. During the period from October 5, 1941, to April 26, 1942, a period of 29 weeks, plaintiff received a weekly wage of $30, and that sum divided by the hours worked each week establishes the regular rate of pay received by plaintiff during said period as 35.7 cents per hour. During each of these weeks plaintiff worked 44 hours overtime for 29 weeks.

12. During the period from April 26, 1942, to October 3, 1942, a period of 23 weeks, plaintiff received a weekly wage of $33, and that sum divided by the hours worked each week establishes the hourly wage as 39.28 cents per hour. The overtime worked by plaintiff each week was 44 hours for 23 weeks.

13. The plaintiff was not paid for any of the overtime worked by him, but the wages received by him exceeded the minimum wage established by the statute and he has been paid wages above the minimum for 84 hours each week.

14. The defendant made no attempt to establish an hourly rate of pay for the plaintiff, but contented itself to pay a monthly wage in weekly installments. Neither did the defendant attempt to keep any record of the hours which it required the plaintiff to work or remain subject to call.

Conclusions of Law.

1. The court has jurisdiction of the parties hereto and the subject matter hereof.

2. The plaintiff is entitled to recover for the period of time referred to in paragraph 8 of the findings of fact a sum equal to one-half times the regular rate of pay for each hour of overtime. The hours of overtime are established by multiplying the weekly overtime of 42 hours by 18, and that sum multiplied by one-half times the regular rate of 31.16 cents amounts to $117.78.

3. The plaintiff is entitled to recover as overtime compensation for the period referred to in finding of fact No. 9 a sum equal to one-half times the regular rate of pay for each hour of overtime. The weekly overtime was 42 hours for a period of 14 weeks and the hours multiplied by one-half times 32.16 cents amounts to $94.51.

4. The plaintiff is entitled to recover during the period of time set forth in finding of fact No. 10, a sum equal to one-half times the regular rate of pay for each hour of overtime. The overtime was 44 hours per week for a period of 49 weeks. The hours multiplied by one-half times 32.16 cents amounts to $346.59.

5. The plaintiff is entitled to recover for the period of time set forth in finding of fact No. 11, a sum equal to one-half times the regular rate of pay for each hour of overtime. The overtime was 44 hours each week for 29 weeks, and the hours multiplied by one-half times 35.7 cents amounts to $227.77.

6. The plaintiff is entitled to recover for the period set forth in finding of fact No. 12 a sum equal to one half times the regular rate for each hour of overtime. The overtime was 44 hours per week for a period of 23 weeks, and the hours multiplied by one-half times 39.28 cents amounts to $198.72.

7. The total amount of overtime due the plaintiff is $985.37 and the plaintiff is entitled to recover an equal sum as liquidated damages, or the sum of $1,970.74 for overtime and liquidated damages.

8. The plaintiff is also entitled to recover a reasonable attorney's fee which the court fixes at 15 per cent of the amount recovered, or $295.61.

9. The plaintiff is not entitled to recover any sum for overtime that accrued more than three years prior to the filing of this suit.

10. Judgment is being entered for plaintiff for the total sum of $2,266.35, with interest thereon from this date at the rate of 6 per cent per annum, together with costs against the defendant.