**ROKEY (McGOWND et al., Interveners) v. DAY & ZIMMERMANN, Inc.**

No. 13351.

Circuit Court of Appeals, Eighth Circuit.

Nov. 8, 1946.

J. L. Thomas, of Burlington, Iowa, for appellants.

J. Francis Hayden, Sp. Asst. to Atty. Gen. (John F. Sonnett, Asst. Atty. Gen., Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa, William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, and Charles S. Corben, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by William F. Rokey as plaintiff and nine interveners, under Section 16(b) of the Fair Labor Standards Act, Title 29 U.S.C.A. §§ 201 et seq., against Day & Zimmermann, Inc., as defendant, to recover overtime, liquidated damages and attorneys' fees. Appellants will be referred to as plaintiffs and the appellee as defendant.

Plaintiffs were firemen at the Iowa Ordnance Plant, near Burlington, Iowa, during the war, and defendant was their employer operating the ordnance plant under a cost-plus-a-fixed-fee contract with the War Department. Prior to September 15, 1943, firemen had worked at this plant under a three-shift system, each shift working eight hours a day. In 1943, because of the shortage of manpower, consideration was given to the inauguration of a two-platoon system at this plant and a proposed plan was drawn up for the fire department. Under this plan employees were to be on duty for twenty-four consecutive hours on alternate days; they were to be paid for sixteen of these hours (from 8 a. m. until midnight), and during the remaining hours (from midnight until 8 a. m.) they were to sleep in facilities provided at the plant by the employer. In the event of a call to duty between midnight and 8 a. m., they were to be paid for the time employed. Time and a half was to be paid for hours worked in excess of forty hours per week. The proposed plan was quite fully explained to plaintiffs and all other employees, except eight who were on vacation and who were not parties to this action. All the parties to this action signed a written endorsement of the proposed plan. Sleeping and living quarters were furnished plaintiffs at the fire stations, in dormitories containing twelve or fourteen beds. Mattresses, bedding, laundry service and heat were furnished by the employer and an electric refrigerator and electric stove were furnished so that the men might provide their meals. During the sixteen-hour paid period the firemen cleaned the station and equipment, drilled about once a week, and attended school twice a week. Fire calls were rare. On the average the men spent about three or four hours out

of the sixteen in active work. During the remainder of the time they were free to relax, read, play games, listen to the radio, or otherwise occupy their time. They were permitted to retire at any time after ten o'clock p. m. During the designated rest period they were subject to call, but such calls were infrequent. In both standby and emergency calls, there was on the average less than one call per three months period for each of the plaintiffs during rest periods. The number of such calls varied from thirteen in about two years for one of the plaintiffs, to no calls whatever in six months for another. Pay was given for each of such emergency calls. Some of the employees were occasionally assigned to the radio watch during the sleeping period, but when so assigned they were allowed eight hours of sleep during some other part of the day. The necessity for the staggering of plaintiffs' sleeping periods, was expressly indicated by defendant when the two-platoon system was first proposed. Plaintiffs assert that they also performed various miscellaneous tasks during their rest period. These tasks were trivial in nature and for the most part could have been performed before midnight, and their performance during the rest period was not required and did not prevent plaintiffs from having eight hours of uninterrupted sleep. It was not contended in the trial court and it is not claimed here that plaintiffs should be compensated for the miscellaneous tasks performed, but their sole claim is that they were entitled to compensation for their entire rest period from midnight to 8:00 a. m., as working time under the Fair Labor Standards Act.

Both parties having rested, each made a motion for a directed verdict. The motion of plaintiffs was denied while the motion of defendant was granted. Upon the verdict of the jury so directed, a judgment was entered dismissing the action and this appeal followed. On this appeal plaintiffs contend that: (1) The court erred in directing a verdict, as the evidence was sufficient to support the inference that the plaintiffs were at work as firemen during twenty-four hours of the day; (2) the court erred in rulings on the admission and exclusion of evidence.

While plaintiffs in their brief discuss various rulings of the trial court on the admission or rejection of evidence, we think these questions are under the record not properly before us. Rule 11 of this court, in prescribing the contents of briefs and records, provides that a brief shall contain:

"Fourth.—A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof. If an error assigned or point relied upon relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to and the pertinent objections or exceptions taken, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear. * * *"

So far as the Points Relied Upon, as printed in appellants' brief, refer to the rulings of the court on the admissibility of evidence, they do not quote the evidence referred to, they do not quote the objection interposed, nor do they contain any reference to the pages of the printed record on which the rulings appear. These Points Relied Upon are, we think, entirely insufficient to present any questions as to the rulings of the trial court on the admissibility of evidence. Anderson v. Federal Cartridge Corp., 8 Cir., 156 F.2d 681; E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685; American Ins. Co. v. Scheufler, 8 Cir., 129 F.2d 143; Hard & Rand v. Biston Coffee Co., 8 Cir., 41 F.2d 625; Ed S. Michelson, Inc., v. Nebraska Tire & Rubber Co., 8 Cir., 63 F.2d 597. In this connection it may be observed that in a trial to the court without a jury, the admission of improper evidence can not be said to be prejudicial error if there is competent evidence to sustain the findings of the court. English v. Gamble, 8 Cir., 26 F.2d 28; Lahman v. Burnes Nat. Bank of St. Joseph, Mo., 8 Cir., 20 F.2d 897. The same rule applies in a case tried to a jury where the court gives a peremptory instruction to find for one of the parties. Simons

v. Fagan, 62 Neb. 287, 87 N.W. 21; Gault v. Bradshaw, 48 Wash. 364, 93 P. 534; James v. School Township of Troy, Iowa, 210 Iowa 1059, 229 N.W. 750. We have examined the record and are of the opinion that no competent evidence was rejected. If any evidence was erroneously admitted, it was not prejudicial, as there was ample competent evidence, aside from that alleged to be erroneously admitted, to compel the verdict as instructed.

█ There remains for consideration the challenged ruling of the court in granting defendant's motion for a directed verdict. When ample consecutive hours of sleep are permitted on the premises of the employer, even though the employee is subject to calls to duty, for which he is paid, and these are occasional but infrequent, he is not during the time spent in sleep, at work. He is getting sleep in the same manner as if he were normally getting sleep at his home or in a hotel. This, we think, is the interpretation that has been placed on similar facts by the Administrator in Interpretative Bulletin No. 13, paragraphs 6 and 7, which we are admonished is entitled to respectful consideration. Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124. There was also introduced in evidence as an exhibit a letter from William R. McComb, Deputy Administrator, approving the two-platoon system as inaugurated and in force in the instant case. That letter in part reads as follows:

"Under the proposed plan the employees would be on duty for 24 consecutive hours on alternate days. Of these 24 hours, employees would be paid for 16 hours and each week would be paid at not less than time and one-half their regular hourly rate of pay for time worked in excess of 40 hours per week. During the remaining 8 hours of the 24-hour period the employees would be free to sleep in facilities provided for this purpose by the company.

"From the facts given I can advise you that the Administrator would not question the adoption of the two-platoon system and the payment to employees for 16 of the 24 hours they are on the company premises, provided that for the 8 hours when the employees are not to be regarded as working they are free to sleep, and provided, of course, that employees will be paid for any time during those 8 hours that they may be required for fire calls or fire-fighting purposes, and provided that the arrangement is mutually satisfactory to the employer and the employees."

As before observed, the plaintiffs indicated their approval of this plan before it was inaugurated. It appears without dispute that a call to duty during sleeping time was rare and the employees were paid in full for the time actually worked during such period. Judge Stone, in his concurring opinion in Johnson et al. v. Dierks Lumber & Coal Co., 8 Cir., 130 F.2d 115, expressed the view that time spent in sleep was not compensable. The following District Court decisions are to the same effect: Eustice v. Federal Cartridge Corp., D.C.Minn., 66 F.Supp. 55; Bridgeman v. Ford, Bacon & Davis, D.C.E.D.Ark., 64 F.Supp. 1006; Muldowney v. Seaberg Elevator Co., D.C. E.D.N.Y., 39 F.Supp. 275; Harris v. Crossett Lumber Co., D.C.W.D.Ark., 62 F.Supp. 856; Bowers v. Remington Rand, Inc., D.C.S.D.Ill., 64 F.Supp. 620. In the specially concurring opinion of Judge Stone in Johnson v. Dierks Lumber & Coal Co., supra [130 F.2d 120], it is said:

"The evidence here shows that plaintiffs slept on the premises and that this sleep was an average of eight or nine hours a night, except when something went wrong necessitating their getting up to care for the property. The claims of plaintiffs cover this time when plaintiffs were sleeping as being hours of employment and, therefore, subject to overtime payment. * * * In rulings on evidence and in the charge on retrial, it may be useful to the trial judge and to the parties to have the view of this court as to whether such time of sleeping should be regarded as hours of employment and, therefore, subject to overtime. The purpose of this separate opinion is to give my own views as to this matter. My view is that the time when these plaintiffs could be sleeping is not to be treated as hours of employment in the factual situation shown in this present record."

■ There was some evidence of noise during the sleeping hours, caused by "Diesels with loud whistles," and by trucks going by causing a "certain amount of confusion." There was no substantial evidence that eight hours of sleep every night were not afforded these employees to the same extent that sleep would have been available to those living in certain metropolitan districts or near industrial areas, or in their own homes, or at hotels or rooming houses. The Act does not contemplate that the court shall weigh individual susceptibilities to noises which result from night traffic.

■ There was also evidence of some work done by employees during the period from midnight to 8:00 a. m., for which they were not compensated. This was not offered as a basis of compensation, but, we assume, to invoke a finding that this rest period was not such in fact. It is clear that nearly all of these duties could readily have been performed at some other time of the day, and there is no evidence that the employees were denied a full eight hours of rest, as they were free to go to bed at 10:00 p. m. In Skidmore v. Swift & Co., supra [323 U.S. 134, 65 S.Ct. 163] it is said that:

"Whether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court."

■ Based on this statement, plaintiffs suggest that the jury did not make findings nor did the court, except as such findings may be deduced from the ruling on the motion. Plaintiffs did not request the court to make findings and the case was in fact tried to a jury. In addition to this the question is not presented in the points to be argued. The ruling of the court in directing a verdict was tantamount to a finding of every material issue of fact and law in favor of the defendant. Phenix Ins. Co. v. Kerr, 8 Cir., 129 F. 723, 66 L.R.A. 569. It is our view that the evidence conclusively shows that plaintiffs were given eight hours of sleep for which they were not entitled to pay. That being true there was no error in directing a verdict for the defendants. The judgment appealed from is therefore affirmed.