PLUMMER et al. v. HARVESTER WAR
DEPOT, Inc.

Civil Action No. 5348.

District Court, N. D. Ohio, W. D.

March 4, 1947.

Isadore Kohler, of Toledo, Ohio, for plaintiffs.

LeRoy Eastman and John H. Moor (of Effler, Eastman, Stichter & Smith), both of Toledo, Ohio, for defendant.

KLOEB, District Judge.

This is an action brought by thirty-eight plaintiffs and five interveners under Section 16(b) of the Fair Labor Standards Act, Title 29 U.S.C.A. § 201 et seq., to recover overtime, liquidated damages, and attorney fees.

The plaintiffs and interveners were firemen at the Rossford Ordnance Depot, near Rossford, Ohio, which was operated during the period in question by the defendant under a cost plus fixed fee contract with the War Department. In 1943, the defendant inaugurated the Two-Platoon System for the Fire Department. Under this plan, plaintiffs and interveners were required to be on duty for twenty-four consecutive hours on alternate days. They were to be paid for fourteen of these hours, the remaining ten hours being set aside for sleep and recreation, with sleeping facilities being provided by the defendant. The time spent by the plaintiffs and interveners in responding to fire calls during the ten hour rest period was to be considered as hours worked, with a minimum of one hour's time being paid for each such call, and time and a half being paid for all hours worked in excess of forty hours per week.

Before the inauguration of the plan, it was submitted to the firemen themselves, and a majority signed defendant's exhibit A, in which they stated that the plan was fully explained to them, and that they were in accord therewith. There was some testimony in this case by the plaintiffs and interveners that they had not fully understood the plan. The Court is convinced from the evidence that the plaintiffs and interveners did have the plan explained to them, and did fully understand its purport.

Defendant, by its answer, admits that it was engaged in interstate commerce, but denies that any of the plaintiffs or interveners were engaged in interstate commerce or in the production of goods for interstate commerce. It further denies that it failed to compensate plaintiffs or interveners for hours in excess of forty or that anything is owing to the plaintiffs or interveners.

The case was tried to the Court under an order entered after pretrial conference, which provided, in part, as follows: "The cause is reassigned for trial on November 21 for determination of the legal question of coverage, with the accounting, if required, to be referred by consent of the parties to a Special Master."

It is the claim of plaintiffs and interveners that they are entitled to compensation for their entire rest period of ten hours as working time under the Fair Labor Standards Act.

For the purposes of this case, the Court does not feel called upon to decide the question of whether defendant was engaged in the production of goods for commerce and the plaintiffs and interveners engaged in an occupation necessary for the production of those goods in commerce. Plaintiffs and interveners do not and, in the opinion of the Court, could not, claim that they were engaged in interstate commerce. Their sole claim is that they were engaged in an occupation necessary for the production of goods in commerce. Without deciding the question, but assuming, arguendo that plaintiffs and interveners were engaged in an occupation necessary for the production of goods in commerce, I am of the opinion that they still have failed to bring themselves within the coverage of the Act.

■ The question of whether sleeping time, or stand-by time, is working time is a question of fact. In Skidmore v. Swift & Co., 323 U.S. 134, 136, 65 S.Ct. 161, 163, 89 L.Ed. 124, it is said that, "Whether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court." When an employee, even though subject to calls to duty, is afforded sleeping facilities by the employer and ample consecutive hours of sleep, he is not, during the time spent in sleep, at work. The fact that he may be subject to calls to duty, for which he is paid, is not determinative if such calls are rare and during the vast majority of the time he is afforded ample consecutive sleeping hours.

■ Here, although there is some evidence that the employees were required to keep a twenty-four hour watch divided into periods of four hours, there is no evidence whatever that any of the plaintiffs or interveners was not afforded at least ten consecutive hours of sleeping time. Under these circumstances, and in accordance with the great weight of authority, the Court is of the opinion that plaintiffs and interveners were getting sleep in the same manner as if they were at home, and are not entitled to compensation under the Act for the ten hours of rest time afforded them by the defendant. See Rokey et al. v. Day & Zimmermann, Inc., 8 Cir., 157 F.2d 734; Johnson v. Dierks Lumber & Coal Co., 8 Cir., 130 F.2d 115; Eustice v. Federal Cartridge Corp., D.C., 66 F. Supp. 55; Bridgeman v. Ford, Bacon & Davis, D.C., 64 F.Supp. 1006; Muldowney v. Seaberg Elev. Co., D.C., 39 F.Supp. 275; Harris v. Crossett Lbr. Co., D.C., 62 F.Supp. 856; Bowers v. Remington Rand, Inc., D.C., 64 F.Supp. 620.

At the conclusion of all of the evidence, the defendant moved the Court to dismiss the complaint and intervening complaint. The Court feels that this motion should be granted and, accordingly, the complaint and intervening complaint are dismissed.

Defendant may have ten (10) days within which to file findings of fact and conclusions of law in accordance with this opinion, and plaintiffs and interveners may have five (5) days thereafter within which to file any exceptions or suggested additions thereto.