**BRIDGEMAN et al. v. FORD, BACON & DAVIS, Inc.**

No. 13423.

Circuit Court of Appeals, Eighth Circuit.

May 19, 1947.

Wayne W. Owen, of Little Rock, Ark. (Paul E. Talley, of Little Rock, Ark., on the brief), for appellants.

Warren E. Wood, Asst. U. S. Atty., of Little Rock, Ark. (John F. Sonnett, Asst. Atty. Gen., J. Francis Hayden, Sp. Asst. to Atty. Gen., Charles S. Corben, Atty., Department of Justice, of Washington, D. C., and James T. Gooch, U. S. Atty., of Little Rock, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Appellants, thirty-nine in number, brought this action under section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), against the appellee to recover overtime compensation, liquidated damages, and attorneys' fees. The appellants were employed as firemen at the Arkansas Ordnance Plant near Little Rock, Arkansas. Their employer, the appellee, Ford, Bacon & Davis, Inc., operated the ordnance plant, engaged in loading ammunition for war, under a cost-plus-a-fixed-fee contract with the War Department.

The period for which appellants claim that appellee failed to pay them for time worked in excess of forty hours a workweek began November 29, 1943, and ended May 27, 1945. Throughout this period the appellants by their contract of employment were required to be present at the fire stations in the ordnance plant for twenty-four consecutive hours on alternate days. For sixteen hours of each consecutive twenty-four-hour period the appellants were paid as required by the Fair Labor Standards Act, and for the remaining eight hours they received no compensation. This eight-hour period is referred to in the record as the rest period, and concerning it the parties stipulated that "during an 8-hour period of each 24-hour shift, the plaintiffs (appellants) were assigned no particular duties to perform, and were free to sleep, eat and engage in recreational activities of their own choosing in facilities provided by the defendant plant (appellee)." But, if called to answer a fire alarm or ambulance call during the so-called eight-hour rest period, appellants were paid for all hours worked on such calls at the rate of one and one-half times their regular hourly rate, as required by section 7 of the Act, 29 U.S.C.A. § 207.

The fire stations at which appellants were employed were maintained by the appellee company. They were two-story buildings, each having a fire engine room, an office for fire inspectors, a washroom and toilet, downstairs, and a dormitory, kitchen, toilet and shower room, and a room for the assistant fire chief and captain, upstairs. Suitable sleeping and living quarters were furnished the men. The buildings were steam-heated and equipped with electric fans. Comfortable beds, blankets, bed linens, and laundry service were provided for the sleeping quarters. The kitchen was equipped with an electric refrigerator, range, sink, and utensils Various kinds of games were furnished for recreation. The general duties of appellants during the sixteen-hour work period included cleaning the fire stations, cleaning the sleeping and living quarters, checking equipment, washing and polishing the fire trucks and accessories, with occasional drills and practice runs. These duties required approximately two hours of each sixteen-hour paid period. The rest of this time, with the exception of that spent in answering fire or ambulance calls, was available to the men for eating, reading, playing games, listening to the radio and other recreational activities, or sleeping. There were comparatively few fire alarms and ambulance calls.

Appellants sought to recover overtime compensation for the eight-hour rest or sleeping period during which, under their contract of employment, they were required to remain at the fire stations. The district court held that the eight-hour rest period was not working time within the meaning of the Act, and that appellants were not entitled to compensation for that part of the rest period during which they were, in accordance with the stipulation, "free to sleep, eat and engage in recreational activities of their own choosing." However, the court found that from November 29, 1943, to January 31, 1944, twelve of appellants, employed as truck drivers, were re-

quired by the appellee to spend twenty minutes out of each rest period in actual work for the benefit of the appellee, for which they had not been compensated as required by the Act. On this finding, judgment was entered in favor of these twelve appellants for overtime compensation, damages, and attorneys' fees to which they were entitled by the terms of the Act. The others recovered nothing.

After this action was tried in the district court, this court decided the case of Rokey v. Day & Zimmermann, Inc., 8 Cir., 157 F.2d 734. In the Rokey case plaintiffs were employed as firemen by operators of another Government ordnance plant, under a contract in all respects the same as that involved in the present suit. On the facts the Rokey case cannot be distinguished from this case. Plaintiffs in the Rokey case sought the same recovery on the same grounds as appellants in this case. The holding in the Rokey case was that the eight-hour rest period was not working time for which plaintiffs were entitled to compensation under the Act. The reasons which led the court to this conclusion and the authority thought to sustain it are fully stated in the opinion in the Rokey case and need not be repeated here. After this court's decision in the Rokey case, the Circuit Court of Appeals for the Seventh Circuit reached the same conclusion in cases decided December 10, 1946, and identical with the present case as to all relevant facts. Bowers et al. v. Remington-Rand, Inc., 7 Cir., 159 F.2d 114; Bell et al. v. Porter et al., 7 Cir., 159 F.2d 117. Appellants now concede that the cases mentioned have decided against them the question of their right to recover compensation for any part of the eight-hour rest periods, except for the actual time in those periods spent in work for appellee. But appellants contend that the court's finding concerning the time worked by appellants during the eight-hour rest period for which they were entitled to compensation which they did not receive is contrary to the evidence.

From November 29, 1943, to January 31, 1944, appellants' twenty-four-hour periods at appellee's plant began at 11 o'clock at night and ended at 11 o'clock the following night. Thereafter, during the time involved in suit appellants reported at the fire stations at 7 o'clock in the morning and were relieved at 7 o'clock the following morning. No claim is made on this appeal that appellants were entitled to further compensation for time worked after January 31, 1944. They assert, however, that the undisputed evidence shows that from November 29, 1943, to January 31, 1944, they were required by appellee to spend two hours of each eight-hour rest period in work for which they were not paid. We are unable to agree with this contention.

During the period of employment now under consideration, the first eight hours of the twenty-four-hour tour of duty was the rest period, in which appellants were assigned to no particular duties, but were free to sleep or engage in such personal activities as they chose, subject only to the appellee's requirement that all of them were to be in bed at midnight. Appellants testified that when they came on duty at 11 o'clock at night during the period in question they were required by appellee to check the fire engines and trucks to see that they were supplied with the necessary gasoline, water, and oil, and that the fire-fighting equipment was in proper place on the trucks, to place their helmets and coats in proper position on the trucks and other "turn-out" clothing by their beds, to sweep out the dormitories, and to make up their beds. They also testified that an alarm was sounded each morning at 6 o'clock. They were then required to rise and be ready by 7 o'clock to begin the sixteen hours for which they were paid. During the hour from 6 to 7 A.M., they again swept out the dormitories, stripped their beds, put away their "turn-out" clothing, prepared coffee, and sometimes a meal.

All of this evidence was offered by appellants in an effort to show that the so-called eight-hour rest period was in fact not a rest period. It is clear that none of it was adduced to show the actual time spent in the activities in support of a recovery of compensation for that time only. It is also clear that the testimony is in direct conflict with the stipulation to which appellants agreed, to the effect that during the eight-hour rest period they were assigned no duties whatever. When the testimony was

offered, the trial judge raised the question of conflict with the stipulation filed by the parties. Counsel for appellee conceded that appellants should be permitted to show, if they could, that in fact they did perform some work for which they were entitled to compensation during the eight-hour period, and on this admission the evidence was received.

Perhaps for the reasons stated none of the appellants was able to give any convincing evidence of the time spent in the activities now under consideration. While in general they estimated the time spent, on arrival at the fire stations, in the activities mentioned at from thirty minutes to one hour, when they were required to break the time down into the minutes spent in performing each particular task, it appeared that the total time never, according to the testimony of any of the witnesses, exceeded thirty minutes, and according to the testimony of some was less than twenty. It also appeared that none of appellants, except the truck drivers, who were permitted to recover for twenty minutes of each rest period, was required to spend any time in checking the fire engines except to see that his personal equipment was in place. Moreover, in the case of the truck drivers, the time actually occupied by them in preparing the fire engines for calls depended entirely upon what the inspection revealed. If, as was some times the case, they were required to fill the engines with oil, the radiators of the motors and the booster pumps with water, the time to perform these operations may have required as much as thirty minutes. But frequently none of these operations was required, a mere inspection revealing that the fire trucks were properly supplied. Some of the truck drivers admitted that all of the work they were required to do on any night could have been done in twenty minutes if the effort had been made, and some estimated that it could have been done in as little as ten or fifteen minutes; and even less was required of the other appellants whose duties were merely to make their beds, secure their "turn-out" clothing and place it in proper position for immediate use in case of an alarm.

As regards the hour from 6 to 7 o'clock in the morning, none of appellants offered any evidence as to the time spent by him in activities which may have been work within the meaning of the Act. All that any of the appellants did at this time was to strip the beds of bed linen, put it away, sweep out the dormitories which according to the testimony they swept out on retiring the night before, prepare coffee, and sometimes the morning meal. As the district court noted in its opinion, the work which appellants now claim they did between 6 and 7 A.M. was the work which they agreed they were required to perform after 7 o'clock during the sixteen-hour period for all of which they were paid.

 We are unable to say, in view of the evidence recited, that the district judge's finding that none of appellants performed any compensable work during the eight-hour rest period, with the exception of the truck drivers, and that the truck drivers only worked for twenty minutes in each eight-hour rest period, is without substantial basis in the evidence. The trier of the facts was not required to accept the testimony of the appellants on this question even if it may be considered uncontradicted, which clearly it was not. Moreover, the times required for the various tasks for which appellants claim compensation are matters of common knowledge. The time spent in this so-called work by all of the appellants, with the possible exception of the truck drivers, might well have been considered by the district judge to fall within the de minimus rule. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

The judgment is affirmed.