## HOWARD et al. v. SOUTHERN CONTI-NENTAL TELEPHONE CO.
### Civil Action No. 87.

District Court, M. D. Tennessee, N. E. D.
March 9, 1944.

N. S. Camp and Lucius Camp, both of Sparta, Tenn., for plaintiffs.

Malcolm C. Hill, of Sparta, Tenn., and George B. Haile, of Cookeville, Tenn., for defendant.

DAVIES, District Judge.

The above titled action came on duly and regularly for trial and hearing before this Court, sitting without a jury, a trial by jury having been duly and regularly waived by the respective parties hereto in writing and filed with this Court and the Clerk; and the parties having filed their agreed stipulation of facts submitting said cause to this Court on the merits upon such stipulation of facts and the cause being submitted to this Court for its decision and determination and the Court being duly advised in the premises, finds the following facts:

### Findings of Fact

1. Defendant is a Delaware corporation, authorized to do, and with a place of, business in Tennessee, engaged in interstate and intrastate telephone communications and operating 54 public telephone exchanges in the states of Kentucky and Tennessee including an exchange at Doyle, Tennessee, and an exchange at Sparta, Tennessee.

2. Defendant has on file, with the Tennessee Railroad and Public Utilities Commission, tariffs covering the rates and regulations at its various exchanges in Tennessee in which tariffs Doyle, Tennessee, is described as a telephone exchange of the defendant separate and distinct from defendant's Sparta exchange, having its own exchange area and exchange rates which are different, separate and distinct from the exchange area and exchange rates at the defendant's Sparta exchange.

3. Separate exchange rate sheets are filed with said Commission for defendant's Doyle exchange and separate exchange rate sheets are filed with said Commission for the Sparta exchange.

4. The number of telephone stations at defendant's Sparta exchange alone, during the period from October 24, 1938, through July 31, 1939, was more than 500, during the period from August 1, 1939, through June 30, 1940, was less than 500 and during the period from July 1, 1940, through April 30, 1941, was more than 500.

5. Plaintiff Mrs. W. C. Henry is a resident of Sparta, Tennessee, and during the period from October 24, 1938, to and inclusive of January 31, 1939, constituting a work period of 14 full weeks and 2 days, that being the period of time involved in her complaint in this proceeding, was employed by defendant as a night shift switchboard operator at the Sparta, Tennessee exchange of defendant, scheduled for attendance seven nights a week from

7 P.M. in the evening until 7 A.M. of the following morning, to perform switchboard operations indiscriminately in connection with interstate and intrastate telephone communications.

6. Plaintiff Henry has been compensated for 44 hours work each week of the period involved in her complaint at her regular rate of pay of 25¢ per hour.

7. During the hours plaintiff Henry was scheduled for attendance at said switchboard, she was permitted to sleep in suitable sleeping facilities furnished by the defendant when her presence was not required at said switchboard and during said period of time she was able to obtain an average of 2.2 hours of consecutive uninterrupted sleep per night.

8. Plaintiff Minnie Cope Howard is a resident of Detroit, Michigan, and during the period from February 1, 1939, to and inclusive of April 30, 1941, that being the period of time involved in her complaint, she was a resident of Sparta, Tennessee, and was employed by defendant as a night shift switchboard operator at the Sparta, Tennessee, exchange of defendant, scheduled for attendance six nights a week from 7 P.M. in the evening until 7 A.M. of the following morning, to perform switchboard operations indiscriminately in connection with interstate and intrastate telephone communications.

9. During the hours the plaintiff Howard was scheduled for attendance at said switchboard, she was permitted to sleep in suitable sleeping facilities furnished by the defendant when her presence was not required at said switchboard and during the period of time from February 1, 1939, through July 31, 1939, constituting a work period of 26 full weeks, she was able to obtain an average of 2.2 hours of consecutive uninterrupted sleep per night.

10. Plaintiff Howard's regular rate of pay was 25¢ per hour from February 1, 1939, through October 28, 1939, and 30¢ per hour from October 28, 1939, through April 30, 1941.

11. After eliminating the weeks, during the said period from February 1, 1939, through April 30, 1941, when the number of telephone stations at defendant's Sparta exchange alone did not equal 500, plaintiff Howard has not been compensated during 26 weeks for 4 hours per week at her regular rate of 25¢ per hour; during 26 weeks for 14.8 hours per week at her overtime rate of 37½¢ per hour; during 17 weeks for 2 hours per week at her regular rate of 30¢ per hour; during the 17 weeks for 30 hours per week at her overtime rate of 45¢ per hour; during 26 weeks for 32 hours per week at her overtime rate of 45¢ per hour, plus 8 hours at her overtime rate of 45¢ per hour.

## Conclusions of Law.

As conclusions of law from the foregoing facts, the Court finds:

I. Defendant is a telephone company operating along with other exchanges, a public telephone exchange at Doyle, Tennessee, and a public telephone exchange at Sparta, Tennessee, and is engaged in interstate commerce as that phrase is used in the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

II. During the period from August 1, 1939, through June 30, 1939, switchboard operators employed by defendant at its Sparta exchange were exempt from the provisions of Section 6 and 7 of said act by virtue of the provisions of Section 13(a) (11) of said act.

III. Plaintiff Henry was employed by the defendant in interstate commerce during all of the work period involved in her complaint and was scheduled for attendance at the switchboard at defendant's Sparta exchange 84 hours each week.

IV. The 2.2 hours of consecutive uninterrupted sleep per night which plaintiff Henry obtained during her period of employment by defendant should be deducted from her hours worked for which she should be compensated leaving a balance of 68.6 hours per week for which she was to be compensated, for only 44 hours per week for which she has been compensated.

V. Plaintiff Henry should be compensated for the remaining 24.6 hours per week during the 14 full weeks involved in her complaint at the overtime rate of 37½¢ per hour, which is one and one-half times

her regular rate of pay during said period, amounting to $129.22.

VI. Plaintiff Henry is entitled to recover a further and additional amount of $129.22 as liquidated damages.

VII. Plaintiff Henry is entitled to recover a further and additional amount of $150 as attorneys fees.

VIII. The above amounts, together with the wages which have already been paid her by the defendant, fully compensate the plaintiff Henry for all regular hours of work and all overtime hours of work for the defendant, for all liquidated damages therefor and for all attorneys fees due her by defendant.

IX. Plaintiff Howard was employed by the defendant in interstate commerce during all the work period involved in her complaint and was scheduled for attendance at the switchboard at defendant's Sparta exchange 72 hours each week.

X. The 2.2 hours of consecutive uninterrupted sleep per night which plaintiff Howard obtained during the period of employment by defendant from February 1, 1939, through July 31, 1939, constituting a work period of 26 full weeks, should be deducted from her hours worked for which she was to be compensated, leaving a balance of 58.8 hours per week for which she was to be compensated during that period.

XI. During the period from August 1, 1939, to July 1, 1940, the plaintiff Howard was exempt from the provisions of Section 6 and 7 of said act by virtue of the provisions of Section 13(a) (11) of said act.

XII. Plaintiff Howard has not yet been but should be compensated during 26 weeks for 4 hours per week at the regular rate of 25¢ per hour amounting to $26.00; during 26 weeks for 14.8 hours per week at overtime rate of 37½¢ per hour amounting to $144.30; during 17 weeks for 2 hours per week at the regular rate of 30¢ per hour amounting to $10.20; during 17 weeks for 30 hours per week at the overtime rate of 45¢ per hour amounting to $229.50; during 26 weeks for 32 hours per week at the overtime rate of 45¢ per hour amounting to $378, plus 8 hours at the overtime rate of 45¢ per hour, amounting to $3.60, making an aggregate amount due for unpaid regular time and unpaid overtime of $788.

XIII. Plaintiff Howard is entitled to recover a further and additional amount of $788 as liquidated damages.

XIV. Plaintiff Howard is entitled to recover a further and additional amount of $350 as attorneys fees.

XV. The above amounts, together with the wages which have already been paid her by the defendant, fully compensate the plaintiff Henry for all .regular hours of work and all overtime hours of work for the defendant, for all liquidated damages therefore and for all attorneys fees due her by defendant.