## WINSBERG v. UNITED STATES.
### No. 49212.

United States Court of Claims.
July 9, 1951.

Herbert J. Beck, Los Angeles, Cal., for the plaintiff.

L. R. Mehlinger, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for the defendant; Newell A. Clapp, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sues for overtime compensation for time during which he served as "officer of the day" at the United States Veterans Administration Hospital at Boise, Idaho. The plaintiff was a licensed physician employed at the hospital, his regular workweek being from 8:00 a. m. to 5:00 p. m. every day except Sunday. In addition to these hours, he was frequently assigned to serve as officer of the day, which meant that he was the only physician present in the hospital. If the assignment was on a week day, the tour of duty was from 5:00 p. m. to 8:00 a. m. of the following day. If it was on a Sunday, the tour was from 8:00 a. m. on Sunday to 8:00 a. m. the following day.

Between May 7, 1943, and February 15, 1944, the period here in question, the plaintiff was on duty as officer of the day a total of 760 hours in excess of his regular 48 hours a week. He was paid overtime, in accordance with the statute, for the last eight hours of his 48-hour week. But for his 760 hours of service as officer of the day he received no money compensation. He was, however, given 240 hours of "compensatory time off," when he would otherwise have been working. The practice of

giving time off instead of money was expressly authorized by Section 2 of the War Overtime Pay Act of 1943, 57 Stat. 75, 76 which says: "*And provided further,* That in lieu of overtime compensation for work in excess of forty-eight hours in any administrative workweek, the heads of departments, establishments, and agencies may in their discretion grant per annum employees compensatory time off from duty."

The plaintiff contends that, while the Veterans Administration could, in its discretion, compensate him for his overtime services as officer of the day by giving him compensatory time off, it did not so compensate him adequately nor as the statute required. He says that giving him 240 hours of time off did not pay him for 760 hours of overtime service. The Government says that, because the plaintiff was not working during most of the time he served as officer of the day, but slept, had his meals, read and did whatever else he pleased a good deal of the time, he was adequately compensated by the 240 hours of compensatory time off.

 The officer of the day had to remain in the hospital, with certain routine duties, and subject to call for other duties of an emergency nature. · He was, in a sense, employed during all the time, since his time, and his actual services, if called for, were at the disposal of his employer. We think that the provision of Section 2 of the War Overtime Pay Act of 1943 that employees "shall be paid overtime compensation," followed by the proviso which we have quoted above, meant that if a Government Agency, in its discretion, chose to pay for overtime services in compensatory time off rather than in money, it had to give its employee a fairly equivalent amount of time off. Since the statute provided no measure for situations such as that of the plaintiff, who was required to be on the premises, and on call, but not actually working much of the time, we determine as best we can what would be a fair compliance with the statute.

In Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118, and Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124, the Supreme Court of the United States considered the application of the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to employees who, like the plaintiff, had to remain on call on the employers' premises as firemen, without doing much actual work, but who ate and slept during their time on call. The lower courts in the Armour case, and the Administrator of the Wage and Hour Division, in the Swift case, having taken the position that the time spent by the employees in eating and sleeping should not be counted, for the purpose of overtime compensation, as working time, but that the time when they would not normally have been eating and sleeping, but would have been free to be at home or where they pleased, had it not been for their employment as firemen, should be counted as working time. The Supreme Court held that this was a proper interpretation and application of the overtime provisions, Fair Labor Standards Act. We think that the same rule is applicable to the War Overtime Pay Act of 1943.

We think that when the plaintiff served as officer of the day on Sunday, a 24-hour tour, but for which the plaintiff claims only 23 hours, he should have been credited with 16 hours of work, the other 7 hours being accounted for as used in eating and sleeping. He was given only twelve hours of compensatory time off, hence should have been paid for four hours of overtime. When he was officer of the day on weekdays, serving from 5:00 p. m. to 8:00 a. m., fifteen hours, he was given four hours of compensatory time off. The other eleven hours were four hours more than would normally have been used in eating and sleeping, hence the plaintiff is entitled to compensation for four hours for those days.

 The Government urges that the plaintiff should be barred by *laches,* because he did not complain promptly about his compensation: Since the plaintiff's petition was filed within the period of limitation fixed by the statute, the defense of *laches* should not be permitted, unless the plaintiff's failure to complain promptly has prejudiced the Government. We think that

the Veterans Administration would not have found it economical or practicable to hire an additional physician at straight time rates in order to avoid paying the plaintiff the relatively small amount of overtime to which we have found the plaintiff to be entitled. We think the defense of *laches* is not applicable.

We hold that the plaintiff is entitled to recover but we reserve entry of judgment to await the filing of a stipulation by the parties showing the amount due, computed in accordance with this opinion.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.