## VAN DYKE
### v.
## BLUEFIELD GAS CO.
### No. 6709.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1954.

Decided Feb. 16, 1954.

Frederick T. Kingdon, Mullens, W. Va. (Kingdon & Kingdon, Mullens, W. Va., on brief), for appellant.

Leroy Katz, Bluefield, W. Va. (Katz & Katz, Bluefield, W. Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from the United States District Court for the Southern District of West Virginia which held that, under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., hereinafter called the Act, Appellant, Thomas J. VanDyke, was entitled to additional wages in the amount of $1,722.00 for his period of employment with the Bluefield Gas Company, from August 11, 1951, through March 4, 1953. On the basis that the judgment was insufficient in amount, the employee, VanDyke, has appealed to us.

Several questions are presented for our consideration. Was Appellant entitled to wages for the total hours spent on Appellee's premises, including the hours spent in sleeping, because of the inadequacy of the sleeping facilities furnished? If not, was Appellant entitled to compensation for those total hours spent upon the premises during the seven winter months, because of the inadequacy of the sleeping and heating facilities furnished? Has the District Court abused its discretion in refusing to allow liquidated damages under the provisions of Section 216 of the Act and section 260, Portal-to-Portal Act of 1947? If none of the above questions are answered in the affirmative, has the District Court correctly computed the allowance for straight-time and overtime compensation. And, finally, there is the subsidiary question of whether the District Court abused its discretion in its allowance of only $300.00 for attorney fees?

Bluefield Gas Company, Appellee, sells and distributes natural gas in the cities of Bluefield, West Virginia, and Bluefield, Virginia. Appellant's duties were performed at the main service plant of Appellee, a fence-enclosed area containing an office building and various transfer and distribution pipe lines required for this natural gas operation. The hours of employment were from 5:00 o'clock P.M. until 7:00 o'clock A.M., seven days a week.

Appellant's duties while on the job were to answer the telephone, if the phone rang, and to report any calls regarding service to the serviceman by calling the serviceman and relaying the message. The other duty which Appellant had was to report to the police if he heard anyone about the plant or any unusual occurrence. No action was required by Appellant other than to call the police authorities. It was understood between Appellant and Appellee that Appellant was to receive as compensation for his work the sum of $150.00 per month.

The Company Manager advised the Appellant that he would be free to sleep at any time after 10:00 o'clock in the evening. For this purpose, a bed was placed in a room in the office building and the telephone was placed near the bed. Toilet facilities of a lavatory and water closet were also provided. Appellant, by agreement with the Company, furnished his own bedclothes. During the winter months heat was furnished by a natural gas flame heater. Appellant was required to remain on Company premises during the hours mentioned, but occupied himself in his capacity of used car salesman during his off hours.

The District Court found that Appellant acquired his daily sleep while on the Appellee's premises and it reasonably fixed Appellant's sleeping requirements at six hours per night. The Court therefore found that of the 14 hours per day spent on the Company premises by Appellant, six of these were available to be devoted to sleep, and that Appellant was not entitled to pay for these six hours unless he was disturbed regularly in his sleep.

The only evidence submitted in point of disturbances showed that, during the nearly two years of Appellant's employ, only 18 telephone calls were received at the Company service plant between 10:00 P.M. and 7:00 A.M. On the basis of this evidence the District Court found that Appellant:

"* * * was disturbed on rare occasions and that the occasions on which he was disturbed cannot be fixed with any degree of certainty but inasmuch as there was a margin over and above his sleeping time and the maximum hours per week that the Wage and Hour Law provides, I find that that time above the maximum was sufficient to account for all the extra and emergency duties he was required to perform during the night."

Appellant, citing Dumas v. King, 8 Cir., 157 F.2d 463, and Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90, contends that the test of compensability for idle time spent on an

employer's premises is whether the principal duty of the employee was to stand by and be available. The Supreme Court has upheld, however, the rule that sleeping time is not compensable. Bell v. Porter, D.C., 66 F.Supp. 49, reversed 7 Cir., 159 F.2d 117, certiorari granted 330 U.S. 817, 67 S.Ct. 1082, 91 L.Ed. 1269, vacated 330 U.S. 813, 67 S.Ct. 1092, 91 L.Ed. 1267, rehearing denied 331 U.S. 864, 67 S.Ct. 1198, 91 L.Ed. 1869. Other Federal Courts have likewise held that adequate sleeping time is not compensable under the Act. Bowers v. Remington Rand, Inc., 7 Cir., 159 F.2d 114; Rokey v. Day & Zimmermann, Inc., 8 Cir., 157 F.2d 734.

The Supreme Court has also said that it is impossible to lay down an arbitrary rule regarding sleeping time which may be compensable, and the determination of whether time so spent is or is not working time depends on the facts of each particular case. Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118; Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124. It is the position of Appellant that the primary circumstance governing the determination to exclude or include sleeping time as compensable is a showing of whether *suitable* sleeping facilities were provided, citing Howard v. Southern Continental Telephone Co., D.C., 72 F.Supp. 276.

■ The record shows that Appellant was furnished a room with a bed, heater and telephone; that he had the added facilities of a wash basin and toilet nearby; and that he agreed, without apparent protests, to furnish his own bedclothes. We cannot say that such facts fall short of substantiating the District Court's finding of adequate facilities, despite Appellant's stress upon the lack of a bathtub, upon the dangerous type of heater furnished, and upon the general dirtiness of the quarters. It is quite significant that, during the entire time of his employment, Appellant never made any complaint to his employer about the facilities given to him. We, therefore, agree with the District Judge that Appellant was not entitled to pay for his daily sleeping time during either the summer or winter months.

■ Section 260 of the Portal-to-Portal Act, 29 U.S.C.A. § 260, permits a trial court in its sound discretion to refuse award of liquidated damages required to be awarded by Section 216 of the Fair Labor Standards Act, as amended, where it is satisfied by the employer that the employer's failure to comply was in good faith, and the employer had reasonable grounds for believing that his act or omission was not violative of the Act. The employer in this case was advised by an attorney, an officer and stockholder in the employer Company, that the Appellant was not an employee covered by the Act. On this basis, the District Court found that Appellee's omission to pay requisite salaries was based on reasonable grounds and was in good faith. We can see no reason for holding that the Trial Judge did not exercise sound discretion in this decision, and it is, accordingly, affirmed. See Lassiter v. Guy F. Atkinson Co., 9 Cir., 176 F.2d 984, 992–996, 21 A.L.R.2d 1313; Landaas v. Canister Co., 3 Cir., 188 F.2d 768, 772.

■ Likewise, we do not feel that there was an abuse of discretion by the District Court in its award of attorney fees. All hearings and all matters came before the District Judge and he was aware of the time spent by the attorneys herein in the trial of the case. See E. C. Schroeder Co. v. Clifton, 10 Cir., 153 F.2d 385, 390–391.

■ This leaves only the question of the computation of the straight-time and overtime compensation. Appellant contends that the District Court erred in computing damages on the basis of a 40-hour week. The District Court found that the salary actually paid was for a 40-hour week, while Appellant claims this should have been a 35-hour week. There is very little in the evidence from which one could determine for which particular hours of his work Appellant was being paid. It would hardly

have been unreasonable for the Court to have decided that the $150.00 per month ($34.61 per week) was paid on the basis of the 56-hour work week. Such a computation would have resulted in less back pay than the District Court actually awarded.

In deciding that the salary was based on a 40-hour week, the District Court has made a finding which is, in our opinion, in no way unreasonable or unfair to Appellant. We do not believe this finding is without substantial support, and it will not be disturbed.

The judgment of the District Court is, accordingly, affirmed.

Affirmed.