Harold GAETKE et al.

v.

The UNITED STATES.

No. 334-54.

United States Court of Claims.

Nov. 7, 1956.

Ray R. Murdock, Washington, D. C., for plaintiffs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Cecilia S. Kraeling, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiffs were fire fighters employed by the Alaska Railroad under a contract

that required their presence at the fire house every other day for the full 24 hours. The contract provided:

"* * * The first sixty (60) hours on the job, less twenty (20) hours for sleeping and eating, will be regarded as the basic 40-hour work week. * * *

The entire period of twenty-four (24) hours on duty, less time allowed for sleep and meals will be used in computing the total number of regularly scheduled hours per week for overtime pay purposes. Two-thirds (⅔) of each hour on the job will represent time in pay status and one-third (⅓) as time out for sleeping and eating. During the twenty-four (24) hours on duty, employees are required to remain at the fire station and respond immediately to emergencies, day or night. During off duty period, employees are not required to remain in the fire hall."

Plaintiffs have been paid for 40 hours a week regular time and for 16 hours overtime. They claim they are entitled to pay for 44 hours overtime and 40 hours regular time. They are not entitled to this under the contract, but they say they are entitled to it under section 23 of the Act of March 28, 1934, 48 Stat. 522, 5 U.S.C.A. § 673c, and under the Federal Employees Pay Act of 1945, 59 Stat. 296, 5 U.S.C.A. § 901 et seq. The pertinent part of section 23 of the 1934 Act is the proviso, which reads as follows:

"* * * Provided, That the regular hours of labor shall not be more than forty per week; and all overtime shall be compensated for at the rate of not less than time and one-half."

The same provision is contained in the 1945 Act.

Plaintiffs say that where the pay of an office or position is fixed by statute, a government employee is entitled to this pay notwithstanding his agreement to receive a lesser pay. They then say that they were on duty every other day for 24 hours a day, and that, under the statute, they are entitled to compensation for the full 24 hours.

It is agreed that plaintiffs were subject to call at any time during the 24 hours, but it is admitted that they rarely, if ever, actually worked 24 hours in any one day. Ordinarily, during the 24 hours, they labored 8 hours; for another 8 hours they were in a stand-by status, during which they were required to do no labor, but were free to play cards, dominoes, listen to the radio, or do anything they pleased, so long as they stood ready to respond if they were called upon. For these 16 hours they were paid; for a part they were paid straight time, and for the rest, time and a half.

They were not paid for the other 8 hours, because this was supposed to be devoted to sleeping and eating. Under the contract the first 60 hours of a week were supposed to represent the basic 40-hour week, 20 hours being regarded as time devoted to sleeping and eating. If more than 60 hours were required of the employee, two-thirds of it were compensable at time and a half, and one-third was supposed to be spent in eating and sleeping. Actually, as stated, 56 hours a week of labor and stand-by time was demanded, and they were compensated accordingly.

The petition does not allege that these employees put in more than 56 hours a week of labor and stand-by time, for which they were paid, if the time spent in eating and sleeping is not to be counted as stand-by time. It does not allege that 28 hours a week, for which they claim additional compensation, were not available to them for eating and sleeping. If they were, it is difficult to see how they can claim compensation therefor. An employer does not have to pay an employee for the time he spends in bed or at the dining table.

It may be that after the employee went to bed he was called to fight a fire, but if other time during the week was made available to him for sleeping and eating, so that during the week a total of 28

hours were so available, we are unable to see how the employee had spent more than 56 hours during the week at labor and in a compensable stand-by status. All that the Act requires is that an employee be paid regular time for 40 hours a week, and that he shall be paid time and a half for hours *of labor* in excess of 40 hours. Time spent in eating and sleeping are not spent in labor. Since it is not alleged that plaintiffs were deprived of the requisite number of hours for sleeping and eating, and since it appears that they have been paid for all time spent except in eating and sleeping, it seems to us that the 1934 Act has been complied with.

The contract between the employees and the railroad was a sensible and realistic application of the statute to the peculiar requirements of plaintiffs' jobs.

The Fair Labor Standards Act, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., applicable to private industry engaged in interstate commerce, provided for a workweek of 40 hours at regular pay, and time and a half for overtime. Swift & Company employed fire-fighters for the protection of their plant. From three and one-half to four nights a week they were required to remain at the fire hall after their hours of labor were over. They claimed overtime therefor. The Supreme Court, in its opinion reported in Skidmore v. Swift & Co., 323 U.S. 134, at page 139, 65 S.Ct. 161, at page 164, 88 L.Ed. 124, did not decide whether they were entitled to be paid for sleeping and eating time, but it did refer to the brief *amicus curiae* of the Administrator of the Fair Labor Standards Act as follows:

"The facts of this case do not fall within any of the specific examples given, but the conclusion of the Administrator, as expressed in the brief amicus curiae, is that the general tests which he has suggested point to the exclusion of sleeping and eating time of these employees from the workweek and the inclusion of all other on-call time: although the employees were required to remain on the premises during the entire time, the evidence shows that they were very rarely interrupted in their normal sleeping and eating time, and these are pursuits of a purely private nature which would presumably occupy the employees' time whether they were on duty or not and which apparently could be pursued adequately and comfortably in the required circumstances; the rest of the time is different because there is nothing in the record to suggest that, even though pleasurably spent, it was spent in the ways the men would have chosen had they been free to do so."

Of this statement of the Administrator the court said:

"We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."

In Winsberg v. United States, 98 F. Supp. 345, 120 Ct.Cl. 511, we held that a physician employed by the Veterans Administration was not entitled to compensation for the time spent in eating and sleeping, although he was subject to call during those hours. This case arose under the War Overtime Pay Act of 1943, 57 Stat. 75, which provided for a workweek of 40 hours and for time and a half for overtime.

See also Bowers v. Remington Rand, 7 Cir., 159 F.2d 114, and Bell v. Porter, 7 Cir., 159 F.2d 117.

The facts in Farley v. United States, 127 F.Supp. 562, 131 Ct.Cl. 776, and England v. United States, 137 F.Supp. 757, 133 Ct.Cl. 768, differ materially from the facts in the case at bar. In those cases plaintiffs regularly performed substantial labor during their sleeping time. In the case at bar it is not alleged that any labor was actually performed during the eight hours allowed for sleeping and eating.

It results that defendant's motion for summary judgment is granted, and plaintiffs' petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.