Whitaker, Judge,
delivered the opinion of the court:
This is one of several cases which were consolidated for argument on defendant’s motion for summary judgment, since they contain substantially similar questions of law and fact.
In all of the cases it is alleged that plaintiffs were employed as firefighters or firefighter-guards at various installations of the defendant, and that they have not been properly compensated under the Federal Employees Pay Act of 1945, 59 Stat. 295, as amended. They also say that they were required to perform certain labor during the time set aside in their regular tour of duty for sleeping and eating, for which they have not been paid overtime or night pay differential as provided by law.
The petition alleges that plaintiff was employed as a civilian firefighter at the Murphy Army Hospital, Waltham, Massachusetts, on April 1,1950. From that date, except for a period immaterial to the issues, he has worked either on a 60-hour or 72-hour weekly tour of duty. During the 60-hour tours, which consisted of two 24-hour and one 12-hour shift, there were 20 hours set aside for sleeping. During the 72-hour shifts 24 hours were so set aside. Affidavits of defendant in support of its motion indicate that, in addition to the above sleeping time, one and one-half hours per day per man were consumed in eating.
*575 Plaintiff was paid under the provisions of the so-called “two-thirds” rule, which had been promulgated by the Civil Service Commission as a convenient method of determining the compensation of men engaged in duties requiring round-the-clock presence. Under this rule two-thirds of the time spent by plaintiff on duty was considered working time, and the other one-third was considered as non-compensable time spent in sleeping and eating.
Plaintiff contends that he is entitled to be paid for the entire period of time consumed by each tour of duty; that time allowed for sleeping and eating was in fact “stand-by” time during which his presence on the official base or station was absolutely required, and during which he was required to be ready to respond to fire alarms. He also claims in his supporting affidavit that time allotted for sleeping and eating was so interrupted or broken by official duties that he was unable to properly rest.
We have recently had occasion to consider claims similar to these in Gaetke, et al., v. United States, 136 C. Cls. 756, and Sawyer, et al., v. United States, 138 C. Cls. 152, reh. den. June 5, 1957, cert. den. 355 U. S. 868. We held in Gaetlce v. United States, that time spent in sleeping and eating was not compensable. On this authority, we dismissed the petition in the Sawyer case. Both cases were claims by firefighters for additional compensation for time spent in eating and sleeping during their regular tours of duty. Gaetlce involved employees of the Alaska Railroad who had agreed to be paid under a contract containing provisions similar to the “two-thirds” rule, and Sawyer involved employees of the Veterans Administration who were paid, not under contract, but under the two-thirds rule issued by this agency. It is on the decisions in these cases that defendant urges us to grant summary judgment.
Plaintiff contends that the cases of Farley v. United States, 131 C. Cls. 776, and England v. United States, 133 C. Cls. 768, are controlling. These cases were concerned with overtime pay claimed to be due to female employees of female correctional institutions who were required to stay at the institutions through the entire nighttime, in order to properly attend to their wards. We said that where an *576 employee regularly performed substantial labor during sleeping periods that recovery should not be denied. Plaintiff’s affidavit alleges in great detail duties that were performed by him during sleeping periods. We take note of the fact that Collins was a Crew Chief or Captain, and that, therefore, his claim differs, because of his added responsibility, from those of firefighters without this rank. His counsel urges us to deny defendant’s motion on the ground that the affidavits of the parties indicate a genuine issue of material fact.
Section 201 of the Federal Employees Pay Act of 1945 (59 Stat. 295), as amended, provides for the payment of overtime pay at the rate of time and one-half for all hours of employment in excess of 40.[1] A provision for the payment of night differential pay of 10 percent is set forth in section 301 for all hours worked after 6:00 p. m. and before 6:00 a. m. The establishment of a basic workweek is left to the heads of the department or agency involved (section 604), and the Civil Service Commission is authorized to prescribe regulations necessary for the administration of the Act (section 605) .[2]
Pursuant to the authority granted by section 604 of the Act, the Civil Service Commission adopted regulations, which included, among others, the “two-thirds” rule. During August 1945 the Comptroller General approved this rule in 25 Comp. Gen. 161. Plaintiff has been paid under its provisions.
We have no alternative but to deny defendant’s motion. There can be no doubt that plaintiff’s affidavit shows that at various times labor was performed by him during sleeping periods. Defendant’s affidavit denies that plaintiff was in a *577 work status during Ms entire tours of duty, and says that interruptions to sleeping time were not more than one hour per month, and thus immaterial. There is thus an issue of fact that cannot be resolved on a motion for summary judgment.
In so holding we do not mean to indicate any retreat from our holding in the Gaetke and Sawyer cases. We adhere to our previous holdings that time spent in eating and sleeping is non-compensable. Gaetke v. United States, supra; Sawyer v. United States, supra. See also Winsberg v. United States, 120 C. Cls. 511; Conn v. United States, 107 C. Cls. 422, cert. den. 332 U. S. 757; Armour & Company v. Wantock, et al., 323 U. S. 126; and Skidmore, et al., v. Swift & Co., 323 U. S. 134.
If plaintiff is able to prove that he was required to perform substantial official duties during the time set aside for sleeping, then we think he should be paid for tMs work at the applicable rate provided under section 201 of the Act. Since meal time would almost invariably be taken at some other time during the tour of duty, if interrupted, plaintiff is probably not entitled to any extra compensation on this account. It follows, of course, that he is also entitled to night differential pay as provided in section 301.
Defendant’s motion for summary judgment is denied.
It is so ordered.
MaddeN, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
LaramoRe, Judge, took no part in the consideration and decision of this case.

 “201. Payment of overtime; time and one-half rate; computation schedule of rates. Officers and employees to whom this subchapter applies shall, in addition to their basic compensation, be compensated for all hours of employment, officially ordered or approved, in excess of forty hours in any administrative workweek, at overtime rates as follows * *

 The Act of September 1, 1954 (68 Stat. 1109) amended the aforementioned Act by adding thereto a provision for the payment of “premium compensation” to employees whose duties require them to remain upon their stations for longer than the usual length of time, a substantial part of which consists of remaining in a standby status. A savings clause provided that the amendment should not be construed to reduce the compensation of existing personnel. Thus, plaintiff may claim compensation based on the previous method of computation so long as it may benefit him.