311 F.2d 88
 Arthur J. GOLDBERG, Secretary of Labor, United States
Department of Labor (W. Willard Wirtz, Secretary of Labor,
United States Department of Labor, Substituted as party
appellant in the place and stead of Arthur J. Goldberg), Appellant,
v.
P. & L. EQUIPMENT COMPANY, Appellee.
 No. 19648.
 United States Court of Appeals Fifth Circuit.
 Dec. 11, 1962, Rehearing Denied Jan. 21, 1963.
 
 Earl Street, Regional Atty., Dept. of Labor, Dallas, Tex., Jacob I. Karro, Acting Asst. Sol., Dept. of Labor, Beate Block, Sr., Atty., Dept. of Labor, Washington, D.C., Charles Donahue, Solicitor of Labor, Sigmund R. Balka, Attorney, United States Department of Labor, Washington, D.C., for appellant.
 James E. Crowther, Houston, Tex., Butler, Binion, Rice & Cook, Houston, Tex., of counsel, for appellee.
 Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.
 JOSEPH C. HUTCHESON, Jr., Circuit Judge.
 This appeal is from a judgment denying the Secretary's claim that Taylor, the employee in question, was engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act and was, therefore, within the Act's coverage.
 Unlike the cases dealt with by the writer in Addison v. Commercial National Bank in Shreveport, 5 Cir., 165 F.2d 937, where the gloss upon the statutory law made by the decisions was so intricate and difficult to follow that the cases were often more misleading than helpful, this case is a very simple one. We think it clear that the appellant has the right of it on the facts and the law, that the district judge erred in denying relief, and that his judgment must be reversed.
 The case was tried on a stipulation of facts expressly adopted by the district judge as his findings of fact. The decision turns, therefore, on the legal effect of those facts rather than on resolving conflicts in them, and the judge's findings of fact are not, as findings, entitled to any particular weight. On the facts stipulated and found, we hold that the position of the Secretary is right and the judgment must be reversed and remanded for further and not inconsistent proceedings.
 Reversed and remanded.
 GEWIN, Circuit Judge (dissenting).
 I respectfully dissent. The sole question before the Court is coverage under the Fiar Labor Standards Act, 29 U.S.C.A. 201. The employee involved was hired as a night watchman by the defendant, a construction firm laying a stretch of city street in Houston, Texas. The employee was not paid the minimum wage required to be paid to employees engaged 'in the production of goods for commerce'. The street being constructed required an underpass beneath the tracks of a railroad. The street was used for the passage of mail trucks and it was used occasionally by trucks serving several industries and a railroad teamtrack in the area. The new street under construction has not been designated as a part of the highway system of the United States or of the State of Texas, but it does lead into a United States highway. The construction was new.
 In my opinion, the lower court was correct in concluding that the work of this employee on a city street in Houston, Texas, constituted only an isolated and local activity and does not constitute engagement in interstate commerce.
 The coverage of the Fair Labor Standards Act is not co-extensive with the power of the United States Congress to regulate interstate commerce. Purely local activity is not covered by the Act. As pointed out by Justice Frankfurter in Mitchell v. H. B. Zachry Co., 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed.2d 753:
 
 
 1
 'While attempted formulas of the relationship to production required for coverage cannot furnish automatic or spontaneous answers to specific problems of application as they arise in their protean diversity, general principles of the Act's scope afford direction of inquiry by defending the broad bounds within which decision must move. In (A.B.) Kirschbaum Co. v. Walling, (316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638) supra, we found that limits on coverage cannot be understood merely in terms of the social purposes of the Act, in light of which any limitations must appear inconsistent. For the Act also manifests the competing concern of Congress to avoid undue displacement of state regulation of activities of a dominantly local character. Accommodation of these interests was sought by the device of confinement of coverage to employment in activities of traditionally national concern. The focus of coverage became 'commerce,' not in the broadest constitutional sense, but in the limited sense of 3(b) of the statute: 'trade, commerce, transportation, transmission, or communication among the several States * * *.' Employment 'in' such activities is least affected by local interests.'
 
 
 2
 Neither was the work of the employee night watchman, working on a city street, 'directly' or 'vitally related' to commerce. As pointed out in Zachry:
 
 
 3
 'No independent vitality attaches to conclusory phrases such as 'directly' or 'vitally related.' What is finally controlling in each case is the relationship of the employment to 'commerce,' in the sense of the statute * * *.'
 
 
 4
 It seems to be inconceivable that Congress intended that every item of work done on every city street that is incidentally used in interstate commerce to be covered by the Act. If so, the same rule would apply to all sidewalks used by mail carriers or messengers why may be delivering goods for shipment in interstate commerce. Every farm to market road, every lane, trial and alley would be subject to the same construction. All interstate commerce and interstate travel originates in the same local area and on some local street. Ultimately, 'all roads lead to Rome.' If Congress had intended the law to be such, it could have said so with little effort and with simple language.