Harold Baer, J.
This is an action to recover overtime compensation, liquidated damages and attorney’s fees pursuant to the Fair Labor Standards Act (U. S. Code, tit. 29, § 201 et seq.). The Act limits the working week to 40 hours and requires the payment of time and one-half for all time worked thereafter.
The plaintiff was employed by defendants as a watchman on a derrick boat. The defendants were engaged as general contractors for the construction of pier fenders to protect the towers of the Verrazano-Narrows Bridge. His duties consisted of checking the anchorage lights at nightfall and occasionally to note the delivery of scows with material to the site. The derrick boat was anchored close to the site of work, and defendants’ tugboat brought workers to and from the site.
The plaintiff commenced work on July 15,1965 and left defendants’ employ on January 19, 1966. He claims that he was not paid for all of his working time. Substantially, he claims that he is entitled to be paid for the hours from 11 o’clock each night until 5 o’clock each morning, as working time during the entire 27-week period of employment.
The plaintiff spent most of his time on the derrick boat. His weekday schedule was:
4 p.m. to 11 p.m. (6 hours paid and 1 hour for meal).
11 p.m. to 5 a.m. (6 hours not paid, not required on duty, but required on the boat).
5 a.m. to 8 a.m. (3 hours paid).
8 a.m. to 4 p.m. (8 hours, not paid and not required on duty, generally off the boat).
These weekday paid hours total 9 each day or 45 hours per week.
On week ends he was paid for 15% hours each Saturday and Sunday from 6:30 a.m. until 11 p.m. less one hour for a meal but he was not paid for the hours of 11 p.m. to 6:30 a.m. Defendants contend that this, as similar hours during the week, was sleeping time, when plaintiff was not required to be on duty. It was admitted that plaintiff lived on the boat and was paid on *760 this basis on each week end even though most Saturdays defendants had men working so that plaintiff was free to leave the boat between 8 a.m. and 4 p.m. o ’clock.
Also, it is conceded that plaintiff was paid $117 each week to cover 76 hours of work, 40 hours at $1.25 per hour (regular hourly wages) and 36 hours at $1,875 per hour (time and one-half).
This action was commenced in the month of March, 1966. The plaintiff never complained about his working conditions, hours of work or pay arrangement until two days before he voluntarily left defendants’ employ. He had worked for one of the defendants several periods previously as a watchman. His working hours and paid time were the same as in the current instance and as indicated by a notice to all watchmen, signed by plaintiff when he worked for one of the defendants in 1962.
The issue here is whether or not the plaintiff comes under the protective provisions of the Fair Labor Standards Act of 1938 as amended in 1949 and 1961. If he does, is he entitled to compensation for the hours from 11 p.m. to 5 a.m. each day of his 27-week employment or is this ‘ ‘ sleeping time ’ ’, when he was not required on duty and for which he is not entitled to remuneration ?
The Act was intended to cover employees engaged in commerce or in the production of goods for commerce (H. S. Code, tit. 29, § 203). Whether an employee is engaged in commerce is determined by practical considerations and not by technical conceptions (Mateo v. Auto Rental Co., 240 F. 2d 831; Mitchell v. Brown, 224 F. 2d 359; Mitchell v. Vollmer & Co., 349 U. S. 427, 429). The courts have, as a consequence, been most liberal in the interpretation of the Act. The Act is applicable to the construction industry if the work is directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be a part of it, rather than isolated local activity (Mitchell v. Vollmer & Co., supra; Overstreet v. North Shore Corp., 318 U. S. 125; Goldberg v. P. & L. Equip. Co., 311 F. 2d 88; Bennett v. Loftis Co., 167 F. 2d 286; Interpretive Bulletin of U. S. Dept. of Labor, tit. 29, pt. 776, subpt. [B], Construction Industry; Code of Fed. Beg., tit. 29, § 776.22).
While it seems clear that the work being done on the bridge piers in the center of navigable waters would bring this contractor under the Act, it is incumbent upon this plaintiff to establish that he was a party for whose benefit the statute was enacted (Warren-Bradshaw Drilling Co. v. Hall, 317 U. S. 88; Schulte Co. v. Gangi, 328 U. S. 108, 120; Oberdorfer v. Rappoli Co., 207 Misc. 807).
*761 Was the plaintiff, as a watchman, directly essential to the production of goods for commerce ? The variations in the factual situation seem to be determinative. It is necessary, therefore, to examine the facts in each case in order to decide this question. The watchman was held to be covered by the Act as an employee closely related to the production of goods in interstate commerce, or the protection thereof (Mitchell v. Vollmer & Co., supra; Walton v. Southern Package Corp., 320 U. S. 540; Borden Co. v. Borella, 325 U. S. 679; Kirschbaum Co. v. Walling, 316 U. S. 517; Slover v. Wathen, 140 F. 2d 258; Goldberg v. P. & L. Equip. Co., supra). In another line of cases he was held not covered by the Act because his work was too remote or not directly essential to the production of goods for commerce (Hope v. Di Menna & Sons, 27 Misc 2d 261, app. dsmd. 13 A D 2d 691; Mitchell v. Zachry Co., 362 U. S. 310; Tinyes v. Steers, Inc., 189 Misc. 106; Stoike v. First Nat. Bank of City of N. Y. 290 N. Y. 195, 202; Hewlett v. Del Balso & Sprague Constr. Co., 180 Misc. 81, mot. for lv. to app. den. 266 App. Div. 922).
Even though the work of this plaintiff may seem remote from the production of goods for interstate commerce, his activities on a boat anchored to a bridge, part of the interstate highway system, in the center of navigable waters, would bring him within the purview of the first cited cases (see Mitchell v. Vollmer & Co., supra; Goldberg v. P. & L. Equip. Co., supra).
Finally, we come to the question of time worked by the plaintiff and time paid for by the defendants. It was established that this plaintiff was paid for all time on board the boat except for a one-hour meal period in the evening and the ‘ ‘ sleeping time ’ ’ hours from 11 p.m. to 5 a.m., when he was not required on duty.
Bona fide meal periods are not work time. The allowance of one hour for a meal is reasonable and has been so interpreted under the Act. It is not necessary that an employee be permitted to leave the premises as long as he is freed from duties during the meal period (see Interpretive Bulletin in Code of Fed. Reg., tit. 29, § 785.19, subds. [a], [b]; also Wirtz v. Healy, 227 F. Supp. 123; Fox v. Summit King Mines, 48 F. Supp. 952, affd. 143 F. 2d 926; Tennessee Coal, Iron & R. R. Co. v. Muscoda Local No. 123, 40 F. Supp. 4, mod. 135 F. 2d 320, 137 F. 2d 176, affd. 321 U. S. 590).
These defendants provided sleeping, toilet, and cooking facili ties for the plaintiff on the boat. During this employment he resided on the boat, leaving only from 8 a.m. to 4 p.m. on weekdays, during which hours he was not required on duty. His required work was minimal. Aside from setting anchorage lights at nightfall and occasionally checking in a scow with mate *762 rial, it cannot be said that there was any physical or mental exertion required of him during his working hours. Certainly none was required after 11 p.m. (Van Dyke v. Bluefield Gas Co., 210 F. 2d 620; Plummer v. Harvester War Depot, 70 F. Supp. 495). He had sufficient time for normal private pursuits and for eating and sleeping. He admitted that he tried to sleep. He testified that he could not sleep well but made and drank a good deal of coffee. Whether or not sleeping time falls within the Act under such circumstances, depends upon the express or implied agreement of the parties. An employer and his employee may agree as to whether or not certain activity constitutes work within the Act. It has been held that any reasonable agreement of the parties that takes into consideration all of the pertinent facts will be accepted (Interpretive Bulletin; Code of Fed. Reg., tit. 29, § 785.23; Shelly Oil Co. v. Jackson, 194 Okla. 183; Thompson v. Loring Oil Co., 50 F. Supp. 213; Wirtz v. Healy, supra; Tennessee Coal, Iron & R. R. Co. v. Muscoda Local No. 123, supra; Bowers v. Remington Rand, 159 F. 2d 114; also, see, General Elec. Co. v. Porter, 208 F. 2d 805, 814).
Taking all of the facts into consideration, the six hours’ “ sleeping time ” need not be paid for by the employer to this employee. Substantially, he was paid for all time worked, at regular time for the first 40 hours and at time and one-half thereafter. The plaintiff has failed to sustain his burden of proving by a preponderance of the credible evidence that he is entitled to recover under the Act for the hours from 11 p.m. to 5 a.m. Accordingly, judgment is granted to the defendants.